T. N. CREVELING, *Appellant,* v. E. C. CHAMBERS, *et al.,* *Appellees.*

Opinion Filed February 24, 1917.

It is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing. This principle applies to all bills in equity, but is.

especially applicable to bills seeking an injunction, the rule being that the title or interest of the complainant and the facts upon which he predicates his prayer for such relief must be stated positively, with clearness and certainty. The bill must state facts and not opinions or legal conclusions.

Appeal from Circuit Court for Broward County; H. Pierre Branning, Judge.

Decree affirmed.

*James T. Sanders,* for Appellant;

No appearance for Appellees.

PER CURIAM.—This is still another case in which the appellees have failed to file any brief. See Bolles v. Carson, decided here at the present term.

Creveling filed his bill in chancery against E. C. Chambers and Chambers Land Company, a corporation, seeking to require the defendants to comply with the terms of an alleged contract with the complainant to build certain rock roads, found a town site and build the town and also other specific relief, including an injunction, as well as general relief. A general demurrer was sustained to the bill and subsequently, the complainant declining to amend, a decree was rendered dismissing the bill. The complainant has entered his appeal from such final decree.

As we held in McClinton v. Chapin, 54 Fla. 510, 45 South. Rep. 35, 14 Ann. Cas. 365, "It is incumbent upon a complainant to allege in his bill every fact, clearly and definitely, that is necessary to entitle him to relief; and if he omits essential facts therefrom, or states such facts therein as show that he is not entitled to relief in a court of equity, he must suffer the consequences of his so doing.

"A bill in equity must state facts and not opinions or legal conclusions, and where fraud is relied upon the allegations or charges must be specific. In passing upon a demurrer to a bill every presumption is against the bill." In Godwin v. Phifer, 51 Fla. 441, 41 South. Rep. 597, we held that these principles were especially applicable to bills seeking an injunction. We have examined the bill and exhibits attached thereto in the light of these principles and are of the opinion that the decree should be affirmed.

BROWNE, C. J., and TAYLOR, SHACKLEFORD, WHITFIELD and ELLIS, JJ., concur.