## FRANKLIN TRUST CO. v. KEY WEST GAS CO.

(District Court, S. D. Florida. December 13, 1922.)

Mortgages ⟨☞⟩151(3)—Labor and material liens held subject to prior mortgage.

> Rev. Gen. St. Fla. 1920, §§ 3502, 3503, 3508, giving liens for labor on and with machines, for manufacturing or repairing articles and for furnishing articles to be manufactured, which shall be superior to all after-created liens, *held* not to give liens for supplies furnished to a gas company, which take precedence of a prior mortgage on the property of the company.

In Equity. Suit by the Franklin Trust Company against the Key West Gas Company. On exceptions by Pierce Bros., and others to master's report. Overruled.

Shutts & Bowen, of Miami, Fla., for complainant.
W. Hunt Harris, of Key West, Fla., for excepting creditors.
H. H. Eyles, of Miami, Fla., special master.

CALL, District Judge. This cause comes on for a hearing upon exceptions to the master's report disallowing certain claims to be paid out of the corpus of the property, filed by Pierce Bros., T. A. Lumley, W. J. H. Taylor, Wm. Curry's Sons, Key West Hardware Company, and W. H. White.

The decision of the Supreme Court in the case of Gregg v. Metropolitan Trust Co., 197 U. S. 183, 25 Sup. Ct. 415, 49 L. Ed. 717 rendered by Justice Holmes, seems to settle the questions raised by these exceptions, unless the statutes of Florida authorize the payment from the corpus of the property as a lien.

Section 3502 of the Revised General Statutes of Florida provides that liens prior in dignity to all others accruing thereafter shall exist in favor of the following persons: For labor on and with machines (3503); for manufacturing or repairing articles (3508); for furnishing articles to be manufactured (3509). These liens, as against the owner, absolute or limited, or purchasers or creditors with notice, are to exist from the time of performing the labor or furnishing the materials.

The question is: Do these provisions create a lien on the property of the gas company superior to the lien of the mortgage. I think not. The lien thus given is prior in dignity to all others accruing thereafter. The mortgage lien foreclosed in this case antedated any materials furnished, repairs made, or work done in any of these claims. The mortgagee cannot be placed in the category of a purchaser or creditor with notice. The case of one who loans money and takes a mortgage upon a structure in course of construction is not in my judgment parallel to the mortgagee's position in this case.

I am therefore of opinion the statutes referred to do not raise any special equity as to either of the claims.

The exceptions will therefore be overruled.

⟨☞⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes