E. A. MARSHALL and KATE MARSHALL, His Wife, *Appellants*, v. WILLIAM CLIETT, Trustee, *Appellee*.

Division B.

Opinion filed January 11, 1929.

12

*Kelly & Casler,* for Appellant;

*W. W. Whitehurst,* for Appellee.

BUFORD, J.—This was a suit in the lower court to rescind a contract for the purchase of certain real estate and to require the defendants in this court below to return to the complainant a certain sum of money paid on the contract. It is needless to consider any part of the record except that part which is involved in the demurrer to the bill of complaint.

The following allegations appear in the bill:

That the said defendant proposed to your orator to sell and convey to orator the aforesaid described lands upon certain terms and conditions, to-wit: that orator was to pay to the said defendant the sum of $10,560.00 in cash, the principal sum in its entirety being $52,-800.00. That the balance of the purchase price, after deducting the said $10,560.00 to be paid in cash from the $52,800.00 to be paid, was to be divided into four equal annual payments of $10,560.00 each, payable respectively on or before one, two, three and four years after the date thereof, with interest at the rate of seven per cent per annum. That, upon the full and complete payment of the said sums of money, according

to said understanding, the said defendants would convey to your orator all and singular the said lands.

That it was further understood and agreed between orator and the said defendants that the said defendants would furnish to your orator an abstract of the record of the title to the said lands, and that it was understood and agreed that the said abstract should disclose, as a pre-requisite to the closing of the said contract, a free, clear and unincumbered title to be vested in the said defendants, or one of them. That, in the event the said abstract of title to the said lands did not disclose such title, that the said defendants would perfect the same, if desired upon the part of your orator, and that it was further understood and agreed, however, that if, upon the examination of such abstracts of title, your orator did not care to accept the title if, and because, the same was unmerchantable, that your orator should have the privilege to declare the said agreement terminated.

That in accordance with said understanding a contract was entered into on the 15th day of January, A. D. 1926, embodying and setting forth the terms and conditions aforesaid, and upon which the said sale was made; which said contract was duly executed and recorded in Hardee County, Florida, in Deed Book 22, at pages 209 and 210, a certified copy thereof being hereto attached and made a part of this Bill of Complaint, and marked Exhibit A.

It is then alleged that the complainants after execution and delivery of the contract paid to the defendant Ten Thousand Five Hundred and Sixty Dollars ($10,560.00) in cash, as part of the purchase price, subject to the terms and conditions of the agreement above referred to.

The Bill then avers:.

That thereafter, the defendants caused to be prepared and delivered to your orator an abstract of the title to the said lands for his examination, and that, in accordance with the terms of the said contract your orator did examine the abstract of title to the said lands described in the contract and in this Bill of Complaint; and your orator charges that the said title to all and every portion of the said lands and premises was, and is unmerchantable, and upon the said title there are many clouds, suspicions and defects which render the said title unmerchantable and wholly unsaleable and unacceptable; and that orator was unable to sell or dispose of the said premises, or to have the said title accepted and that orator advised and informed the defendants that the said title was, and is, unmerchantable, and that he did not care to accept the same for the reason that the said lands were, and are, unmerchantable, and the said defendants cannot comply with their said contract; nor were they, nor have they ever been able to deliver to your orator a free, clear and unincumbered title to the said lands and a title thereto which is merchantable; and that they, and each of them have so been advised and informed by your orator; and that he has requested the said defendants to return to him the consideration which they have received, to-wit: the sum of $10,560.00 in cash; and to account to him therefor, and has offered to cancel, discharge and surrender the aforesaid contract and to cause the same to be discharged from the record of the title thereto, and to do all and everything upon his part necessary to release and discharge the said agreement, and to rescind the same.

A demurrer was filed to the Bill of Complaint, the first and second grounds of which were in the following language:

1. That the complainant has not, in and by his said bill made or stated such a case as does or ought to entitle him to any such relief as is thereby sought and prayed for from or against these defendants;

2. That the bill does not allege any facts showing said title to be unmerchantable, and that it in no manner apprises the defendant of the nature of the supposed defects in defendant's title;

The demurrer was over-ruled. Decree *pro confesso* was entered and, after testimony was taken, a final decree was had. Appeal was taken from order over-ruling the demurrer and from the final decree. It will then be seen from the quoted allegation of the Bill of Complaint that such allegations with reference to the failure of the defendant to furnish an abstract as required by the contract showing a "free, clear and unincumbered title to be vested in the defendants, or one of them" only set forth the legal conclusions of the pleader. The Bill of Complaint did not in any manner attempt to allege the nature, kind, character or extent of defects in the title as disclosed by the abstract. The Bill of Complaint did not point out in any particular wherein the title involved was shown by the abstract to be unmerchantable or defective. Conclusions of law are not statements to warrant relief in equity; the detailed facts must be pleaded. Deans v. Wilcoxan, 25 Fla. 980, 7 So. R. 163; West v. Reynolds, 35 Fla. 317, 17 So. R. 740; McClinton v. Chapin, 54 Fla. 510, 45 So. R. 35.

The demurrer to the Bill of Complaint should have been sustained. The final decree should be reversed and the

cause remanded for further proceedings not inconsistent with this opinion.

Reversed.

WHITFIELD, P. J. AND STRUM, J., concur.

TERRELL, C. J. AND BROWN, J., concur in the opinion and judgment.

ELLIS, J., dissents.