JOHN FLEWWELLIN v. W. H. JETER, as Guardian *ad Litem* for said John Flewwellin, Wanda Flewwellin and John Flewwellin, Jr., by Wanda Flewwellin, as his next friend.

189 So. 651
Special Division B
Opinion Filed June 9, 1939

*Milam, McIlvaine & Milam,* for Appellant;

*Daniel & Thompson,* for Appellees.

BUFORD, J.—The appeal brings for review order denying motion to dismiss a petition for the appointment of a curator

and guardian of the estate and person of the appellant John Flewwellin.

The motion to dismiss is the equivalent of a demurrer and, therefore, the sufficiency of the allegations of the petition is properly tested by such motion.

The petition is short and is as follows:

"TO THE HONORABLE JUDGES OF SAID COURT, IN CHANCERY SITTING: Your petitioners, WANDA FLEWWELLIN and JOHN FLEWWELLIN, JR., a minor, by Wanda Flewwellin, his mother and next friend and natural Guardian, respectfully show unto the Court as follows:

"1. That your Petitioner Wanda Flewwellin is the former wife of said John Flewwellin, and that said John Flewwellin, Jr., is the minor son of said Wanda Flewwellin and said John Flewwellin. That said Wanda Flewwellin and said John Flewwellin, Jr., and said John Flewwellin are all citizens and permanent residents of the City of Jacksonville, Florida.

"2. The said John Flewwellin is now suffering from a mental and physical *disorder* and is unable *properly* to care for his person and property. That for over five years past the said John Flewwellin has been addicted to the habitual and excessive use of alcoholic stimulants and his condition has grown progressively worse. That said John Flewwellin is now using alcohol to such excess that he is mentally and physically unable to take care of his property and/or person and that there is great likelihood that he will dissipate and lose his property.

"3. That the said John Flewwellin inherited from his adoptive father, Charles Henry Flewwellin, upon the latter's death about 13 years ago, property valued in the neighborhood of $75,000. That the said John Flewwellin has already dissipated a large portion of said property, and unless the balance thereof is conserved by a Guardian of this

Court, that he will dissipate and lose everything that he now has. That Mrs. Charles Henry Flewwellin, who resides at 1939 Silver St., Jacksonville, Fla., is the step-mother of said John Flewwellin, and that there are no other members of the family of said John Flewwellin known to your Petitioner. And your Petitioner further alleges that any other possible members of the family of said John Flewwellin reside outside of the State of Florida and are not within the jurisdiction of this court. By reason of the foregoing, your Petitioners pray that this court adjudge the said John Flewwellin unable to take care of his property and person, and that an Order be made by this Court appointing a Curator and Guardian of the property and person of the said John Flewwellin, with all such powers as are provided for in Chapter 17976, Laws of Florida, 1937." (Emphasis supplied.)

Section 1 of Chapter 17976, Acts of 1937, is as follows:

"Section 1. Whenever, hereafter, any person permanently or temporarily residing in this State, shall become physically incapacitated, or feeble-minded or epileptic or so mentally or physically defective by reason of age, sickness, use of druge, the excessive use of alcohol, or for other causes that he or she is unable to take care of his or her property, and in consequence thereof, is liable to dissipate or lose the same, or to become the victim of designing persons, it shall be lawful for either the mother, father, brother, sister, husband, wife, child, next of kin, and in case there be no such relatives, in the Judicial Circuit where the person to be cared for resides, then the sheriff of the county where the person to be cared for resides to present to a judge of the Circuit Court, sitting in Chancery, of the county in which said person to be cared for resides, his or her petition under oath, setting forth the facts, naming all members of the family known to such petitioner, together with their

addresses, if known, praying the court to adjudge such person to be unable to take care of his or her property, and to appoint a curator for the estate of such person."

It is too well settled to admit of serious question that it is incumbent upon a complainant to allege in his bill every fact clearly and definitely that is necessary to entitle him to relief. Marshall v. Cliett, 97 Fla. 11, 119 So. 518; Creveling v. Chambers, 73 Fla. 512, 74 So. 511; McClinton v. Chapin, 54 Fla. 510, 45 So. 35, 14 Ann. Cases 365; Martin, Governor, *et al.,* v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449.

It is not necessary, however, to plead the evidence of facts.

Sub-paragraph 2 of Section 28, Fla. Chancery Practice Act of 1931, provides that a bill in equity shall contain:

"Second: A short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence."

Therefore, in view of what is stated hereinbefore, we first look to see what is required to be alleged. The statute under which the proceeding is brought, *supra,* provides:

"Whenever, hereafter any person permanently or temporararily residing in this State, shall become physically incapacitated or feeble-minded, or epiletpic or so mentally or physically defective by reason of age, sickness, use of drugs, the *excessive use of alcohol,* * * * that he or she is unable to take care of his or her property and in consequence thereof is liable to dissipate or lose the same * * * it shall be lawful for either the * * * child * * * to present to a judge of the Circuit Court sitting in Chancery of the county in which said person to be cared for resides his or her petition under oath setting forth the facts naming all members of the family known to such petitioner, together with their addresses, if known, praying the court to adjudge

such person to be unable to take care of his or her property and to appoint a curator for the estate of such person."

Turning to the petition, we find that it alleges in terms that the petitioner John Flewwellin, Jr., is the minor son of John Flewwellin the subject of the petition; that both are citizens of Duval County, Florida. It names the relatives of John Flewwellin known to the petitioner. It alleges:

"That for over five years past the said John Flewwellin has been addicted to the habitual and excessive use of alcoholic stimulants, and his *condition* has grown progressively worse. That said John Flewwellin is now using alcohol to such excess that he is mentally and physically unable to take care of his property and/or person and that there is great likelihood that he will dissipate and lose his property."

We hold these allegations are sufficient to show that John Flewwellin is permanently residing in Duval County, Florida; that he has become so mentally and physically defective by reason of excessive use of alcohol that he is unable to take care of his property or person and that there is great likelihood that he will dissipate and lose his property.

If he has become so mentally and physically defective by reason of the excessive use of alcohol that he is mentally and physically unable to take care of his property and there is great likelihood that he will dissipate and lose his property, he is entitled to have a curator appointed to take care of his property. And if, because of conditions above referred to, he is unable to take care of his person, the court may, under Section 3 of the Act which reads in part as follows: "If the court on such hearing shall be satisfied that the person against whom the proceedings are taken is not able, owing to weakness of mind or body, to take care of his or her property, then it shall be the duty of the court

to appoint a curator of his or her estate, and, if necesary, the court may appoint a guardian for such person and in the decree specifically find the facts upon which the decree is based. Any person interested may intervene in such proceedings with leave of court. The same person may be appointed both curator and guardian.", appoint a guardian for the person of such infirm person.

The Act was intended for the protection of the infirm person who shall have become unable, though not a lunatic, to take care of his property and person.

The provisions of the Act do not require that the petition shall set out a description of the property owned by the person involved and it is immaterial whether the property be great or small in value. Of course, if there is no property of which a curator may take charge this is a fact to be found by the court on hearing.

It is contended that this cause can not be maintained by Wanda Flewwellin and John Flewwellin, Jr., a minor, by Wanda Flewwellin, his mother and next friend, because it is not an adversary proceeding. We agree with the contention that Wanda Flewwellin in her individual capacity is not a proper party to the petition and her name should be stricken, but the allegations of the petition show that John Flewwellin, Jr., is the only child of John Flewwellin. The statute confers upon any child of a person coming within the purview of the statute the power and authority to file a petition in behalf of the estate of such person.

Section 2562 R. G. S., 4202 C. G. L., provides: "An infant may sue by his next friend, and in all cases whatsoever, and idiots and lunatics by their guardians."

We do not construe this language to confine the infant's right to sue to cases wherein the infant may have some property rights involved, but we construe it to apply to all cases where by statute or other law a person may apply

to the courts for relief of any sort. The statute in terms implies this broad meaning by using the language, "and in all cases whatsoever." So when Chapter 17976, *supra*, authorized petitions of this sort to be instituted by a child of the alleged defective person, it carried with it the power and authority of that child to file the petition in its name by its next friend. The proceedings when filed become a suit for the benefit of the alleged defective person. In this connection see Richardson v. Richardson, 216 Iowa 1205, 250 N. W. 897, and cases there cited; Wischers v. Pool, 172 Iowa 422, 153 N. W. 65; Harrelson v. Flournoy, 229 Mo. App. 582, 78 S. W. (2) 895; *in re.* Coburn, 165 Cal. 202, 131 Pac. 352.

If the statute was such as to invoke other than for the protection of the property and the person of the alleged defective or infirm person, it would be in conflict with Section 1 of the Bill of Rights of our Constitution and would, therefore, be invalid; but when it may only be used to protect the sacred rights guaranteed by Section 1 of the Bill of Rights of our Constitution, it is a valid and wholesome Act. See *In Re:* Storick, 64 Mich. 685, 31 N. W. 528; Burke v. McClure, 211 Mo. App. 446, 245 S. W. 62.

For the reasons above stated, it is necessary that the courts apply the statute with caution because such statutes are easily capable of abuse by designing people to accomplish the very thing which the statute was enacted to guard against. See *In Re:* Hoffman's Estate, 209 Pa. 357, 58 Atl. 665; *In Re:* Bryden's Estate, 211 Pa. 633, 61 Atl. 250.

For the reasons just stated, petitions such as that involved in this case should always be closely scrutinized to see that sufficient ultimate facts appear, though not necessarily allegations of the evidence of such facts; and the

courts should be maticulous in requiring sufficient evidence to be adduced to show the existence of facts which create the necessity for the intervention of the courts for the protection of the property and the person of the alleged defective or infirm person and that the proceeding be not used to deprive such person of the rights guaranteed him under organic law, which rights he is mentally and physically incapable of exercising and protecting in his own behalf.

The order appealed from appears to be without error except as herein intimated and should be affirmed, with directions, however, that the name of Wanda Flewwellin, as an individual be stricken but that her name be retained as the next friend of the infant petitioner.

It is so ordered.

BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices WHITFIELD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.