L. H. CONNELLY v. CAMA MORTGAGE CO; ELIZABETH BRACHTEN, a Widow, H. C. PARSONS; CLIFFORD CLARK; MAULE INDUSTRIES, a Co-partnership Composed of E. P. MAULE and KATHERINE C. MAULE, KATHERINE C. MAULE, as Executrix of the Last Will and Testament of ·E. P. MAULE, Deceased; MIAMI STATION, INC., and MIAMI RUG CO.

197 So. 532

Division A

Opinion Filed July 5, 1940

Rudyard K. Bell, for Appellant;

A. M. Reder, for Appellee.

BUFORD, J.—This is an appeal from a final decree of the Circuit Court of Dade County. In the court below the plaintiff, Cama Mortgage Company, a Florida corporation, filed its bill of complaint to foreclose a construction mortgage on certain real property of the defendant, Elizabeth Brachten. It joined as defendants a number of parties each of whom claimed an interest or a lien on the property. The bill of complaint alleged that defendant, Elizabeth Brachten, a widow, by her attorney in fact, Fredericka Brachten Alexander, made, executed, and delivered to the plaintiff her mortgage deed to the property, dated December 6, 1937, and recorded on same date.

The defendant, L. H. Connelly, filed an answer to the plaintiff's bill and included therein a counterclaim. The plaintiff then filed a motion to dismiss and also an answer to the counterclaim of the defendant. Thereupon the defendant filed an amendment to his answer and counterclaim in which he made some amendments to his counterclaim but made no changes in his answer proper.

The appellant's answer exclusive of the counterclaim took up separately and in order each paragraph of the plaintiff's bill of complaint and admitted parts, denied parts, or stated that he was without knowledge of its allegations, or stated that he was without knowledge and demanded strict proof

thereof. This meets the requirements of the 1931 Chancery Act. Section 34 of this Act (C. G. L. Perm. Supp. 4902 (15) states: "The defendant in his answer shall in short and simple terms set out his defenses to each claim asserted by the bill, omitting any mere statement of evidence and avoiding any general denial of the averments of the bill, but specifically admitting or denying or explaining the facts upon which the plaintiff relies, unless the defendant is without knowledge, in which case he shall so state, such statement operating as a denial."

In his original counterclaim the defendant set up a claim for $421.21 and alleged a mechanic's lien therefor for services rendered by him in the construction of a dwelling house on the said property for the defendant, Elizabeth Brachten. The amended counterclaim reduced this claim to $420.21. The original counterclaim alleged that on December 3, 1937, the defendant, Elizabeth Brachten, verbally employed the defendants, L. H. Connelly and H. C. Parsons as contractors to do certain work and labor in the construction of the dwelling house on the aforementioned property, and that on said date these said defendants actually commenced work in the performance of the contract; that a written contract pursuant to the verbal agreement was made and entered into between the parties on December 8, 1937, though the terms and conditions of said contract were actually agreed to in the month of November, 1937. The amended counterclaim struck "December 3, 1937" from the original counterclaim and inserted in lieu thereof "the month of November, 1937, and prior to the 30th day of said month."

The defendant Elizabeth Brachten, and plaintiff, Cama Mortgage Co., moved to strike the amendment to the answer and counterclaim, and the plaintiff also made a motion

to dismiss the amended answer and counterclaim. On August 9, 1939, the chancellor made the following order:

"1. That the motions to strike the amended answer and counterclaim be and the same are hereby granted and the said amended answer and said amended counterclaim is hereby stricken from the records in this cause.

"2. That the motions to dismiss the amended counterclaim of the defendants, H. C. Parsons and L. H. Connelly, insofar as said counterclaim seeks to set up a new cause of action of a new claim, are hereby granted, and said amended counterclaim is hereby stricken from the records in this cause."

On the day following this order the defendant and counter claimant, L. H. Connelly, filed a motion for rehearing, which defendant states in his brief has not been ruled upon by the chancellor. The record is silent on the subject. Thereafter the cause proceeded to final decree with the answer of appellant stricken.

Upon examining the pleadings of appellant in the court below we find that he had included therein some evidentiary matter, as well as a conclusion of law. In the absence of sufficient allegations of fact, conclusions of law cannot constitute a basis for relief in equity. Marshall v. Cliett, 97 Fla. 11, 119 Sou. 518. But this Court stated in Gale v. Harby, 20 Fla. 171, and in Metcalf Co. v. Orange County, 56 Fla. 829, 47 Sou. 363, that where the facts alleged in a bill of complaint are sufficient to warrant relief, conclusions of law, if pleaded, will be treated as surplusage and disregarded.

The lien in favor of a contractor and the lien in favor of a laborer is each created by statute, Chapter 17097, Acts of 1935. The Act defines the word "contractor" thus:

" 'Contractor' means a person other than a materialman or laborer who enters into a contract with the owner of

real property for improving it, or who takes over from a contractor as above defined the entire remaining work under such contract."

"Laborer" is defined as:

" 'Laborer' means any person other than an architect, landscape architect, engineer, and the like, who under properly authorized contract, personally performs on the site of the improvement labor or services for improving real property and does not furnish materials or the labor or services of others."

It is impossible to determine from the allegations of the original counterclaim or from the allegations of the amended counterclaim whether the counter-claimant claims a lien as a contractor or as a laborer, or as both a contractor and a laborer. The allegations are insufficient to show what amount, if any, is claimed for balance due to claimant as a contractor under the alleged contract, and the allegations are insufficient to show what amount, if any, is due the claimant as a laborer for labor performed by the claimant.

The alleged notice of lien is afflicted with like infirmities. The notice of lien is in words and figures, as follows, to-wit:

"STATE OF FLORIDA

"COUNTY OF DADE:

"L. H. CONNELLY, residing at 145½ N. W. 25th Street, Miami, Florida, being duly sworn says that in pursuance of a contract with Freida B. Alexander, as agent for ELIZABETH BRACHTEN, which said contract was reduced to writing and signed on the 8th day of December, 1937, and which said written contract was thereafter changed and modified, so that affiant became an employee and laborer by the day until the 18th of February, 1938, at which time affiant agreed to complete all the remaining work on the building for a stated sum of $81.75, and says that in pursuance of said contracts with the said Freida B. Alexander,

as agent for Elizabeth Brachten, the said Elizabeth Brachten being the owner of the property hereinafter described, affiant performed labor to the value of $434.24, being a balance due affiant on March 18, 1939, after fully performing his said contracts on the following real property:

"Lot 1, Block 11, HOLLEMAN PARK, Dade County, Florida, House No. 1901, S. W. 4th Avenue, Miami, Florida, owned by Elizabeth Brachten, whose interest in said real estate is owner in fee simple; he further says that the last labor was performed on the 14th day of March, 1938, and for labor performed there is unpaid the amount of $434.24 for which amount he claims a lien on the real property and the improvements situated thereon as herein described."

It is patently apparent that this purported notice of lien does not show that the claimant was engaged in the "visible commencement of operations" in the execution of his alleged contract prior to the execution and record of the mortgage.

The allegations of the counterclaim and of the amended counterclaim are insufficient to show the acquisition of a definite lien for any definite amount, as required under the statutes, *supra*.

The allegations of the answer and counterclaim and the allegations of the amended counterclaim show that if any "laborer's" lien accrued in favor of the claimant, it accrued after the execution and recording of the mortgage and was, therefore, subordinate to the mortgage lien.  See Flynn-Harris Bullard Co. v. Johnson, 90 Fla. 654, 107 Sou. 358; Franklin Trust Co. v. Key West Gas Co., 285 Fed. 96.

It, therefore, follows that the order striking the amended answer and counterclaim and dismissing the amended counterclaim was without error.

We find no reversible error in the final decree and the same is affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

BROWN, J., concurs in opinion and judgment.

Justices WHITFIELD and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.