ROBERTS, Justice.
The issue here is whether a decree appointing a curator for the estate of Mrs. Annie B. Davis, an alleged incompetent, is proper. We agree with the Chancellor that the appointment was “proper, appropriate and reasonably necessary” for her best interests.
Under the statute pursuant to which this appointment was made, it was not necessary that a person be actually insane or mentally ill before a curator could be appointed to manage his or her estate. A curator could be appointed when a person had “become physically incapacitated * * or so mentally or physically defective by reason of age * * * that he or she is unable to take care of his or her property, and in consequence thereof, if liable to dissipate or lose the same, or to become the victim of designing persons.” § 747.05, Fla.Stat. 1955. And see Donnelly v. Mann, Fla.1953, 68 So.2d 584; § 744.03(5), Fla.Stat.1957, F.S.A.
It was shown that, until his death some time before the instant proceedings were filed, a son of Mrs. Davis’ advised and assisted her in the management of her business affairs and properties. Because of the complexity of her holdings, her inexperience in business matters, and the infirmities of age, there can be no> doubt that Mrs. Davis is not qualified to manage her quite considerable properties entirely alone. A relevant and complicating factor is the animosity that exists among Mrs. Davis’ children, who have aligned themselves into two groups, each suspicious of the other and jealous of any special benefit given by Mrs. Davis to a member of the other group.
This court has said that, in curatorship proceedings, “the courts should be meticulous in requiring sufficient evidence to be adduced to show the existence of facts which create the necessity for the intervention of the courts for the protection of the property and the person of the alleged defective or infirm person and that the proceeding be not used to deprive such person of the rights guaranteed to him under organic law, * * Flewwellin v. Jeter, 1939, 138 Fla. 540, 189 So. 651, 654. We have carefully examined the evidence in the light of this rule and hold that, under the particular facts here present, the Chancellor may not be held in error for appointing a curator to handle Mrs. Davis’ estate. Cf. Donnelly v. Mann, supra, Fla., 68 So.2d 584.
Accordingly, the decree here reviewed should be and it is hereby
Affirmed.
TERRELL, C. J., and THOMAS, HOB-SON and O’CONNELL, JJ., concur.