PEARSON, TILLMAN, Chief Judge.
The appellants are the heirs at law of Burrell L. Joiner, deceased. The appellee is the executor and sole beneficiary of a purported last will and testament of Joiner. This appeal is from an order of the County Judge’s Court denying appellants’ petition for revocation of probate of Joiner’s will.
The appellants urge that the County Judge misconstrued the legal effect of the evidence in two particulars: first, that the evidence conclusively shows that Burrell Joiner lacked testamentary capacity; and, second, that the appellee, as guardian of the estate of the deceased, failed to overcome the presumption of undue influence which arises when one in a confidential relationship to the testator procures the making of a will in which he is a beneficiary. Under the points presented, it is necessary to review the entire record. Our examination thereof convinces us that there was sufficient evidence before the County Judge upon which he could find that Burrell L. Joiner possessed testamentary capacity at the time of the making of the will; however, the appellee did not present sufficient evidence to overcome the presumption of undue influence.
The decedent had a long history of incompetency arising out of epilepsy, his experiences in World War I and chronic alcoholism. In 1937, he had been judicially declared insane, but restored to judicial sanity in 1939. On August 16, 1951, the County Judge (who later adjudicated the issue of testamentary capacity) was presented with a petition by Joiner’s mother asking that her son be declared incompetent and that her niece by marriage, Mary Tom Súber, the appellee here, be appointed guardian of his person and property. The adjudication and appointment were made and Joiner spent the remainder of his life in hospitals and rest homes. On December 13, 1952, while confined in a rest home in Dade County, Florida, Joiner executed his last will and testament. Thereafter, on May 18, 1960, a petition was filed which sought the restoration of Joiner’s legal rights. The restoration was denied on June 29, 1960, and Joiner died on October 25, 1960.
We have recently had occasion to review the law on the subject and hold that one who has been adjudicated mentally incompetent may, if he possesses the requisite testamentary capacity at the time of its execution, make a valid will. Skelton v. Davis, Fla.App.1961, 133 So.2d 432. No great service would be performed by a reiteration of all of the evidence which was before the County Judge on the issue of testamentary capacity. Nevertheless, it should be pointed out that the County Judge recognized that the burden was upon the proponent of the will, appellee here, to establish testamentary capacity because at the time of the making of the will the testator was under an adjudication of mental incompetency. Kuehmsted v. Turnwall, 115 Fla. 692, 155 So. 847; Chapman v. Campbell, Fla.App. 1960, 119 So.2d 61; Skelton v. Davis, supra.
In the present instance, the County Judge reached his decision as to testamentary capacity upon conflicting evidence, but with strong medical and lay testimony to support his conclusions that at the time of making the will, Joiner generally (1) understood the nature and extent of the property to be disposed of; (2) knew his relation to those who would naturally claim a substantial benefit from the will; and (3) understood the effect of the will he executed. In re Wilmott’s Estate, Fla.1953, 66 So.2d 465, 40 A.L.R.2d 1399; Skelton v. Davis, supra. We will not disturb his findings.
 The question of sufficiency of the evidence to overcome the presumption of undue influence arises out of the fact that at the time of the making of the will in which she was named sole beneficiary, Mary Tom Súber was the duly appointed guardian of the person and property of the testator. As guardian, there existed a high *566 ly confidential relationship with the deceased. Robert S. Florence, the attorney at law who prepared the will, was also attorney for the guardian. There is conflicting testimony as to whether Mrs. Súber contacted Mr. Florence and informed him that Mr. Joiner wanted to discuss the preparation of a will. In any event, Mr. Florence met with Mr. Joiner, determined to his own satisfaction Joiner’s testamentary capacity, prepared the will and arranged for Mr. Joiner’s opportunity to execute it. Mrs. Súber was the sole beneficiary. Under these circumstances, a presumption of undue influence arose, and the burden of demonstrating that it did not exist was upon Mrs. Súber as proponent of the will. Zinnser v. Gregory, Fla.1955, 77 So.2d 611; In re Reid's Estate, Fla.App.1962, 138 So.2d 342.
The decree of the County Judge found that there was no evidence to prove undue influence. However, there was no finding that there was evidence that undue influence did not exist, and, therefore, the presumption was not overcome by the proponent of the will as required in the Zinn-ser case. In this respect, the County Judge decided the issue on the wrong rule of law.
In searching the record we have found the factors which would go towards establishing the absence of undue influence to be as follows: (1) the guardian-beneficiary testified that she did not know the contents of the will nor the testator’s intention to make her the sole beneficiary; (2) the testator’s testimony at the sanity hearing and (3) the finding of the guardian’s long continued kindness to the testator. On this state of the record, even if a strong case is not made for the existence of undue influence, there is not present the high degree of proof needed to overcome the presumption of undue influence. The opinion in In re Reid’s Estate, Fla.App.1962, 138 So. 2d 342 (a case decided subsequent to the order of the County Judge in this cause) held that a much higher degree of proof is required to overcome an inference of undue influence where a testator is shown to have impaired mental powers or clouded intellect than where a testator is strong mentally and physically. This is merely a restatement of a common-sense outgrowth of the long existing rule that what constitutes undue influence in an individual case depends on the physical and mental state of the testator. See In re Estate of Krieger, Fla.19.56, 88 So.2d 497. We find that the factors enumerated above are not sufficient to sustain the great burden appellee had to carry to rebut the presumption of undue influence. See In re Reid’s Estate, supra.
Therefore, since it appears that the order of the County Judge was based on an erroneous view of the controlling principle of law, the decree must be reversed.
Reversed.