CALDWELL, Justice.
This cause is before us on petition for writ of certiorari to the District Court of Appeal, Third District. We find jurisdictional conflict between the decision sought to be reviewed[1] and prior decisions of this Court.[2]
The sole question is whether, as a matter of law, on the facts of this cause, there was a presumption of undue influence. The facts upon which the district court found that such presumption did arise are set forth in its opinion and will not be recited here.
The rule in Florida is that a presumption of undue influence arises when a beneficiary who occupied a confidential relationship with the testator was active in procuring the execution of the will.[3]
The Court, In re Starr’s Estate,[4] stated:
“To authorize a court to deny or revoke the probate of a will on the ground of *162 undue influence, there must be active use of such undue influence for the purpose of securing the execution of the will to such an extent as to coerce the mind of the testator, so that it cannot be said that the testator was acting voluntarily, of his or her own free will and volition. Confidential relations between the testator in his lifetime and the legatee who offers the will for probate are not alone sufficient to raise a presumption of undue influence and cast the burden of proof upon the proponent in that regard. * * * ”
In In re Peters’ Estate [5] this Court held:
“It is established that mere confidential relations between a testator and a legatee are not alone sufficient to raise a presumption of undue influence so as to impose the burden of proof on the latter.”
In this cause the probate court found there was no evidence the beneficiary exercised undue or improper influence. Neither the trial court nor the appellate court found that the beneficiary was active in procuring the execution of the will. The record indicated the beneficiary was neither present when the testator and his attorney discussed the will, nor at its execution and that she did not know its contents.[6] A confidential relationship, such as a guardianship, unless accompanied by the element of active procurement, will not invoke the presumption of undue influence.
The petition for writ of certiorari is granted, the judgment of the District Court of Appeal, Third District, is quashed with directions to affirm the judgment of the county judge.
ROBERTS, Acting C. J., and THOR-NAL, O’CONNELL and HOBSON (Retired), JJ., concur.

. 147 So.2d 563 (Fla.App.3rd 1962).

. In re Starr’s Estate, 125 Fla. 536, 170 So. 620 (1935); In re Peters’ Estate, 155 Fla. 453, 20 So.2d 487 (1945).

. Zinnser v. Gregory, 77 So.2cl 611, 614 (Fla.1955); Redfern, Wills and Administration of Estates, Vol. 1, § 52 (3rd ed. 1957).

. 125 Fla. 536, 543, 170 So. 620, 623 (1935).

. 155 Fla. 454, 458, 20 So.2d 487, 490 (1945).

. Compare: In re Aldrich’s Estate, 148 Ela. 121, 3 So.2d 856 (1941); In re Knight’s Estate, 108 So.2d 629 (Fla.App. 1st 1959); In re Reid’s Estate, 138 So.2d 342 (Fla.App.3rd 1962) Cert. denied Fla.Sup., 154 So.2d 840.