This appeal of a judgment rendered in a will contest presents an issue of first impression: whether a ward for whom a curator has been appointed under Code 1975, § 26-7A-1, is legally capable of making a will without prior notice, hearing, and approval by the court.
On October 6, 1980, Malcolm J. Carter made and executed a will, which left most of his estate to his heirs according to the laws of descent and distribution. Carter appointed his niece, Georgia Lee Willis, as the executrix of the estate.
On March 2, 1981, upon petition by Carter's sister, Erin Barnes, the Autauga County Probate Court determined that Carter was incapable of managing his affairs and property. According to the record, Carter suffered from senility, diabetes, arthritis, and hearing impairment. The court appointed Alfred Q. Booth as curator of Carter's estate under Code 1975, §26-7A-1 et seq.
On March 2, 1982, Barnes replaced Booth as curator of her brother's estate. That same day, Carter made and executed another will, which purported to revoke all prior wills. Under this 1982 will, Carter appointed Barnes as the executrix, and he left most of his estate to her.
Upon Carter's death, both wills were offered for probate and were subsequently admitted by the probate court. The estate was transferred to the circuit court to determine the validity of the wills. The circuit court entered judgment invalidating the 1982 will and the appointment of Barnes as executrix because Barnes had not obtained a court order under Code 1975, § 26-7A-7, to allow Carter, a ward of the court, to make and execute a will. The court also directed a verdict for Willis in the contest of the 1980 will, upholding the validity of that will. This appeal followed.
"Any person 18 or more years of age who is of sound mind may make a will." Code 1975, § 43-8-130. In order to execute a valid will, a testator must understand the business and consequences of making a will; he or she must remember the property to be devised, the persons who are the natural objects of his or her bounty, and the manner in which the disposition of the property is to occur. Tucker v. Tucker, 248 Ala. 602,28 So.2d 637 (1946); Knox v. Knox, 95 Ala. 495, 11 So. 125 (1891). The law presumes that every person of full age has such testamentary capacity. O'Donnell v. Rodiger, 76 Ala. 222 *Page 92 
(1884). A person may make a valid will even though he or she is not competent to transact the ordinary business of life. Stubbsv. Houston, 33 Ala. 555 (1859).
A ward of the court, under Code 1975, § 26-7A-1 et seq., is someone unable to manage his or her own property, for either physical or mental reasons, and whose property, therefore, requires management by a court-appointed curator. Section26-7A-1 establishes the conditions warranting such protection:
 "Any probate court may appoint a curator to take charge of, manage and conserve the property of any person . . . who shall become physically incapacitated, or feeble-minded or epileptic or so mentally or physically defective by reason of age, sickness, use of drugs, the excessive use of alcohol or for other causes that he or she is unable to take care of his or her property, and in consequence thereof, is liable to dissipate or lose the same, or to become the victim of designing persons."
Even after the court has appointed a curator to manage the ward's property, certain acts by the ward require court approval:
 "From and after the rendition of the decree appointing a curator, . . . the ward shall be wholly incapable of making any contract of gift whatever, or any instrument in writing, of legal force and effect, except after leave of court is granted upon a hearing after notice to the curator and such next of kin as the court shall order given notice of application."
(Emphasis added.)
Code 1975, § 26-7A-7.
The statutory phrase itself — "any instrument in writing" — clearly includes a will, which is a common and traditional instrument for the disposition of property. Furthermore, we note that when an incapacitated individual attempts to make a will, the situation presents a ripe opportunity for "designing persons" to take advantage of the individual, which the curatorship statutes are generally intended to prevent. The legislature is authorized to treat the act of making a will as one needing the protection of the court. Therefore, we hold that a will is an "instrument in writing" within the meaning of § 26-7A-7. If a ward desires to make a legally effective will, then notice and hearing must be provided, and the court's approval must be obtained in accordance with the statute.
We are mindful of Skelton v. Davis, 133 So.2d 432
(Fla.Dist.Ct.App. 1961), in which the Florida court considered similar statutory language, but held that court approval was not required for a ward to make a legally effective will. According to that court, the well established "sound mind" test provided sufficient protection for the ward, and the test should be modified only by express language, not by implication. The court also noted that in the case of a ward who is physically incapacitated, a hearing would be irrelevant to determine testamentary capacity.
We disagree with the Skelton court's view that the § 26-7A-7 requirements — notice, hearing, and court approval — would modify the "sound mind" test. The "sound mind" test still remains the standard for determining testamentary capacity. Our holding merely requires that the factual question of testamentary capacity be determined at the § 26-7A-7 hearing, rather than when the will is contested. It is possible that one who is sufficiently mentally incapacitated to require a curator may still possess mental capacity to make a will, because testamentary capacity may be less than the competency to transact the ordinary business of life. A determination to appoint a curator is not an adjudication of testamentary
capacity. In regard to situations where the ward is physically incapacitated but mentally competent, the statute may still be applicable and provide a measure of protection; but we do not reach that issue in this case because the record is silent as to the reasons for the appointment of a curator for Carter.
In this case, Carter was a ward of the court when he made the 1982 will, and Barnes was his curator. However, the notice, hearing, and approval requirements of *Page 93 
§ 26-7A-7 were not followed in the making of this will. Therefore, the 1982 will is without legal force and effect. We affirm the judgment of the trial court.
AFFIRMED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.