DAVID HALL & al. *versus* SAMUEL THING & al.

The owners of a majority in interest of a vessel, may change her employment from the performance of foreign voyages to the coasting trade, and also to the fishing business, if the vessel be of a suitable character for such employment.

The outfit for a fishing voyage, although composed partly of salt, lines, hooks and nets, is but a suitable equipment and preparation of the vessel for profitable employment in that business; and the majority in interest may bind all the owners in the purchase thereof.

The managing owner of a vessel represents the interests of all, and has the same power, which the major part in interest have, with respect to the change of employment, and the preparation and outfit of the vessel, in a manner suited to the profitable employment in the business to which she is destined.

ASSUMPSIT to recover the amount of a bill charged to " Owners of schooner Bethiah, Thing & Morse." The first item was under the date of April 15, 1841, and the last on the eighth of September following. Thing was defaulted, but the other defendant, Morse, denied his liability. The facts sufficiently appear in the opinion of the Court.

*Barnes,* for the defendants, said it was well settled, that one part owner of a vessel could not, as such merely, render the other owners liable for the cargo. Even the managing owner can render none but himself liable, without their assent. *Hewitt* v. *Buck,* 5 Shepl. 147. The general rule as to the liability of the owners of a vessel is stated in *Harding* v. *Foxcroft,* 6 Greenl. 78, in accordance with the English authorities. Holt's Intr. 33. Ship's stores do not include articles of this description. A policy on the vessel would not cover them.

There is another objection to the maintenance of this suit. The schooner had been employed during the preceding year in the coasting trade, in which business such articles are worse than useless. One owner, even if he be the managing owner, has no power to change the employment of the vessel without the assent of the others. This change of employment alone, created the necessity for these articles, if there is ground for

saying that any existed. It could not enable him to bind the other owner.

*W. Goodenow,* for the plaintiffs, said that there could be no doubt, but that one owner might bind the whole for supplies for the vessel. Abbott on Shipping, 112, § 8. The charges were properly made to the vessel and owners, and they are all liable for supplies furnished the vessel. 10 Mass. R. 47. The articles here furnished could not be considered as cargo, to be carried and sold, or delivered, but as stores or supplies for the use of the vessel. *Wilkins* v. *Reed,* 6 Greenl. 220.

The managing owner is under no obligation to employ the vessel in the precise mode in which it had been before. He should consult his judgment as to the course of proceeding most likely to bring profit to himself and the other owners. Here, however, there was no change of employment. Going along the coast for fish is employing the vessel in the coasting business.

The opinion of the Court was prepared by

SHEPLEY J. — This is a suit to recover the value of certain goods furnished to the schooner Bethiah for her outfit on a fishing voyage. James Lambert formerly owned one half of the schooner, and on January 14, 1839, conveyed the same to the defendant, Morse, who continued to be the owner thereof until the month of May, 1842. Samuel Thing was the owner of the other half, and had been the managing owner before Morse purchased. Coffin, who was master during the season of 1841, testified, that he never knew but one owner, after Lambert was said to have sold out. There can be no doubt, therefore, that Thing had been the managing owner for some years, and that he so continued during the season of 1841, when the goods were furnished. They were delivered to the master upon Thing's order in writing, directing the first portion delivered to be charged " to account of schooner Bethiah."

It is contended in defence, that the authority of a managing owner does not authorize him to fit out a vessel on a fishing voyage upon the credit of the owners. And his authority to

do so is especially denied in this case, because the schooner had been employed in the coasting trade during the preceding year. And it is contended, that the salt, lines, hooks, and nets, procured are rather to be regarded as cargo than as necessaries for the employment of the vessel.

The part owners, who employ a vessel, are presumed to do so for the benefit and at the expense of all the owners, who do not make known their dissent or disapprobation of the voyage. They may procure the necessary repairs, equipment, and outfits, for the vessel upon the credit of the owners. There must necessarily be a discretion entrusted for the benefit of all to the owners of a major part, to enable them to take advantage of the changing aspects of business, and to secure the benefit of adventures holding out the prospect of favorable results, to change the employment of the vessel from the performance of foreign voyages, to the coasting trade, and the fishing business, if the vessel be of a suitable character for such employment. The managing owner represents the interests of all, and has the same power, which the major part in interest would have, with respect to the change of employment and the preparation and outfit of the vessel, in a manner suited to her profitable employment in the business, to which she is destined. While acting within the scope of his authority, he does so at the expense and risk of all, who do not dissent. The outfit for a fishing voyage, although composed partly of salt, lines, hooks, and nets, is but a suitable equipment and preparation of the vessel for profitable employment in that business. The whole is intended to be consumed and used in that employment. No part of it is designed for sale. That, which is not designed for sale, but for consumption and use, cannot properly be regarded as cargo, when speaking of the distinction between the outfit and the cargo. It is the necessary and peculiar preparation and outfit of the vessel for that particular employment; and as such within the scope of the authority of the major part in interest or managing owner to provide. There are certain items in the bill of goods furnished

to the master and crew for their own use, for which the plaintiffs are not entitled to recover.

*Judgment on the default.*