(54 Misc. Rep. 408)

O'REILLY v. SWEENEY.

(Supreme Court, Special Term, Montgomery County. May, 1907.)

1. BREACH OF MARRIAGE PROMISE—VALIDITY—INSANE PERSONS.

In an action for breach of marriage promise, where a record in lunacy proceedings showed that defendant was incapable of making a valid contract, the promise is absolutely void.

2. INSANE PERSONS—INQUISITION—CONCLUSIVENESS.

The record in lunacy proceedings holding the person incompetent is conclusive evidence that he was incapable of making a valid contract.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Insane Persons, § 36.]

Action by Nellie O'Reilly against Dennis Sweeney. Verdict for plaintiff. On motion for new trial. Granted.

Moses D. Moss, for plaintiff.

W. Barlow Dunlap, for defendant.

VAN KIRK, J. This is an action brought to recover damages for breach of promise of marriage. At the trial the jury rendered a verdict for the plaintiff in the sum of $2,000.

In December, 1902, the defendant, Dennis Sweeney, was found to be incompetent by a jury in lunacy proceedings. The record of these proceedings was put in evidence; but, upon the trial, the court held that the inquisition and the confirmation thereof by the court was presumptive evidence only that, at the time of the alleged contract of marriage, the defendant was incompetent to make a contract. The alleged contract of marriage was made upon the 7th day of March, 1903, at which time the person and estate of the defendant were in charge of a committee appointed by the court in the lunacy proceedings. The defendant, Sweeney, was not restored until 1905, after which time there was no claim on the part of the plaintiff that the contract of marriage had been renewed or ratified. There was sufficient evidence to sustain the finding of the jury, unless the record in the lunacy proceedings was conclusive evidence. In Hughes v. Jones, 116 N. Y. 67, 73, 22 N. E. 446, 448, 5 L. R. A. 637, 15 Am. St. Rep. 386, the court said:

"All contracts of a lunatic, habitual drunkard, or person of unsound mind, made after the inquisition and confirmation thereof, are absolutely void until by permission of the court he has been allowed to assume control of his property. L'Amoreaux v. Crosby, 2 Paige (N. Y) 422, 22 Am. Dec. 655; Wadsworth v. Sharpstein, 8 N. Y. 388, 59 Am. Dec. 499; 2 Rev. St. (6th Ed.) p. 1094, pt. 2, c. 1, tit. 1, par. 10. In such cases the lunacy record, as long as it remains in force, is conclusive evidence of incapacity. Contracts, however, made by this class of persons before office found, but within the period overreached by the finding of the jury, are not utterly void, although they are presumed to be so until capacity to contract is shown by satisfactory evidence. Id.; Van Dusen v. Sweet, 51 N. Y. 378; Banker v. Banker, 63 N. Y. 409. Under such circumstances the proceedings in lunacy are presumptive, and not conclusive, evidence of a want of capacity. The presumption, whether conclusive or only prima facie, extends to all the world and includes all persons, whether they have notice of the inquisition or not. Hart v. Demaer, 6 Wend. (N. Y.) 497; Osterhout v. Shoemaker, 3 Hill (N. Y.) 513; 1 Greenleaf, Evidence, par. 556."

In Carter v. Beckwith, 128 N. Y. 316, 28 N. E. 582, the court said:

"The law is well settled that a lunatic, whose lunacy has been judicially determined and for whom a committee had been appointed, is incapable of entering into any contract, and that any contract which he may assume to make while in that situation is absolutely void. Wadsworth v. Sharpstein, 8 N. Y. 388, 59 Am. Dec. 499; L'Amoreaux v. Crosby, 2 Paige (N. Y.) 422, 22 Am. Dec. 655; Hughes v. Jones, 116 N. Y. 67, 22 N. E. 446, 5 L. R. A. 637, 15 Am. St. Rep. 386."

In Banker v. Banker, 63 N. Y. 413, the court said, in speaking of lunacy proceedings:

"These proceedings have been likened to proceedings in rem, which are conclusive on all the world, and all are bound to take notice of them. Actual notice is not necessary, and whether given or not is not material. The in-

quisition is conclusive against subsequent acts and dealings, and 'presumptive against prior ones. This is the rule, and is applicable, irrespective of notice." Blinn v. Schwartz, 177 N. Y. 252, 69 N. E. 542, 101 Am. St. Rep. 806.

The ·cases which hold that the proceedings in lunacy are only presumptive evidence of the incapacity of the defendant are cases in which the act complained of occurred before the inquisition was actually made, but within the time named in the finding. After the inquisition the record is conclusive proof.

The defendant, after the verdict of the jury was rendered, has made a motion to set aside the verdict and for a new trial· on the ground that the record in the lunacy proceedings was conclusive evidence that at the time of the alleged contract of marriage the defendant was incapable of making a valid contract. Under the decisions above quoted the contract of marriage, as found by the jury, was void. The motion, therefore, is granted.

Motion granted.