ROBERT H. M. BASSETT, a lunatic, by his guardian ad litem, MORTIMER BASSETT, *Appellant*, v. THE FEDERAL LAND BANK OF COLUMBIA, a corporation, *Appellee.*

Division B.

Opinion filed July 31, 1929.

*J. Baxter Campbell,* for Appellant;

*O. J. Clayton,* for Appellee.

BUFORD, J.—In this case the appellee exhibited its bill of complaint to foreclose mortgage against the appellant.

The appellant at the time was insane. The record shows that appellant was adjudged insane under the laws of the State of Florida in the County Judge's Court, Gadsden County, the 10th day of April, 1922. The notes and mortgage involved were executed on the 26th day of August, 1922.

It was sought to defeat the foreclosure by a plea that Robert H. M. Bassett, who executed the mortgage, was insane at the time he executed the mortgage, and that the contract was therefore void and unenforcible. By leave of the Court the complainant filed a tender of issue on a plea of insanity in the following language:

"Comes now the above named complainant, the Federal Land Bank of Columbia, a corporation, by its attorney, O. J. Clayton, into the above styled Court and by the direction, authority and leave of the Court first had and obtained makes the following allegations:

"1st. That the defendant, Robert H. M. Bassett, was sane at the time he signed and executed the note and mortgage, Exhibits 1 and 2, attached to the Bill of Complaint filed herein, namely on August 26th. A. D. 1922."

To which the guardian ad litem for the defendant filed a joinder of issue in the following language:

"Now comes Mortimer Bassett, Guardian ad Litem for the defendant, Robert H. M. Bassett, an adjudged insane person, and joins issue on the matters contained and alleged in the paper filed by the complainant on January 18, 1928."

And thereupon the Judge of the Court made the following order, to-wit:

"This cause coming on to be heard upon Bill of Complaint, answer of Mortimer Bassett as Guardian ad Litem for Robert H. M. Bassett, a lunatic and the report of the Special Master of the testimony of the witnesses for the respective parties, and it appearing to the Court that there is the question of sanity of the said Robert H. M. Bassett at the time of the execution of the Note and Mortgage herein sued upon and the Court being fully advised in the premises doth find and hold that the question of sanity of said Robert H. M. Bassett at such time, namely August 26th, 1922, is a question of fact to be passed upon by the jury in such cases as this, and that the burden of proving sanity of said Robert H. M. Bassett at such time rest upon the Complainant;

"Therefore, it is ordered, adjudged and decreed by the Court that said Complainant and the said Guardian *ad litem*, Mortimer Bassett, do make up an issue to be tried by a jury at the next regular term of the Circuit Court in and for Gadsden County, Florida, as to the sanity of the defendant, Robert H. M. Bassett, a lunatic.

"Done, ordered and decreed at Chambers in Quincy, Gadsden County, Florida, this 7th day of March, A. D. 1928."

Therefore the issue so made up was presented to a jury for trial, which trial resulted in a verdict being returned as follows:

"This cause coming on for trial on this day and the Plaintiff and defendant being present by their respective attorneys and having announced ready, thereupon, came a jury of good and lawful men, to-wit: W. J. Pearson, H. G. Strange, R. A. McPherson, W. C. Lam-

bert, P. H. Thomas and T. L. Edwards, who were duly elected, tried and sworn the truth to speak upon the issue joined, who after hearing the evidence, argument of counsel and the charge of the Court retired to consider of their verdict, and afterward returned into open court with the following verdict, to-wit:

"We the jury find the defendant, Robert H. M. Bassett, at the time he executed the note and mortgage to the plaintiff, the Federal Land Bank of Columbia on to-wit: the 26th day of August, 1922, was 'Sane.'

"So say we all."

Testimony was taken before a master and a final decree was entered, in which it was adjudged and decreed that the defendant, Robert H. M. Bassett, was sane at the time of the execution of the note and mortgage and that the notes and mortgage constituted a valid and binding contract and further decreed the foreclosure of the mortgage. It appears to us that the only question involved is whether or not the defendant was sane or insane at the time of the execution of the notes and mortgage and that this issue was resolved properly in the conclusion that the defendant was sane at that time.

In 14 R. C. L. 621, the author says:

"It is the well established general rule that an adjudication as to the mental soundness is evidence of the fact at the time of the adjudication, and also of the condition of the subject at a subsequent time, upon the theory that a condition of mind once shown to exist is presumed to continue, but it is generally held that a finding either of sanity or insanity upon an inquisition is merely *prima facie* evidence, and not conclusive as against persons not parties thereto, and may

270

be rebutted by any competent evidence tending to show that the alleged insane person was of sound mind at the time in question."

We hold this to be a correct statement of the law.

In the instant case the *prima facie* evidence of the condition of insanity existing at the time of the execution of the contract was successfully rebutted.

The decree of the Chancellor should be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, P. J., AND STRUM, J., concur.

TERRELL, C. J., AND ELLIS AND BROWN, J. J., concur in the opinion and judgment.