THE STATE OF FLORIDA, ex rel. ALBERT LOUIS KUEHMSTED, *Relator*, v. HONORABLE HARRY R. HEWITT, as Judge of Pinellas County, Florida, *Respondent*.

138 So. 778.

En Banc.

Opinion filed January 11, 1932.

*Wilson & Bogue, Loftin, Stokes,* and *Calkins,* and *Robert H. Anderson,* for Relator;

*Austin L. Richardson,* for Respondent.

TERRELL, J.—This is an original proceeding in mandamus. The alternative writ in effect alleges that the heirs at law of Julia B. Kuehmsted exhibited their bill in the circuit court of Pinellas County to invalidate a marriage entered into between her (Julia B. Kuehmsted) and the relator; that on final hearing the Chancellor decreed the said marriage to be void from which decree an appeal was taken which is now pending in this court; that the same complainants filed a petition in the County Judges Court to revoke the probate of the will of Julia B. Kuehmsted whereby she bequeathed the major portion of her estate to the relator; that said petition is still pending on the issues made by relator's denial of the material allegations

thereof, but that respondent refused to hear and determine the same pending the Chancery suit because the decree therein is conclusive upon him and is res adjudicata as to all essential questions raised in the petition to revoke the probate of the will.

The respondent's return to the alternative writ admits the material allegations thereof but assigns as his reasons for refusing to proceed with the cause to revoke the will during the pendency of the appeal in the chancery cause the fact that the relator under the terms of the will received the bulk of the decedent's estate ''as the husband'' of the deceased and was appointed by the bill as executor ''as the husband'' of the deceased, making it necessary to determine whether or not he was the husband of the deceased. The respondent also asserts his authority under Section 2689 Revised General Statutes of 1920 (Section 4356 Compiled General Laws of 1927) to continue the trial of the cause to revoke the probate of the will.

Were the causes so assigned by the respondent for refusing to proceed with the petition to revoke the probate of the will pending the appeal in the Chancery cause sufficient in law for that purpose?

The appeal in the Chancery cause (Albert Louis Kuehmsted vs. James D. Turnwall et al.) has been decided this date and we there held that the marriage between Albert Louis Kuehmsted and Julia B. Kuehmsted solemnized October 19, 1928, was void ab initio for reason of want of mental capacity on the part of Julia B. Kuehmsted to enter into the marital state, that the appellees were entitled to maintain that suit and that Albert Louis Kuehmsted as a result of said marriage acquired no interest whatever in the estate of Julia B. Kuehmsted.

This holding however is not necessarily decisive of the question raised in the petition to revoke the probate of the will. The rule seems to be well settled that where a woman dies intestate, her husband surviving, takes ''as husband''

under the statute of descents but when she leaves a will and devises property to him by name and identifies him as her husband, he doesn't take "as the husband" but he takes as a named beneficiary and the word "husband" is merely descriptio personae. 28 R. C. L. and cases cited Murphy vs. Mathis, 98 N. J. 153, 130 Atl. 840.

Under the circumstances of this case for the Appellees in the Chancery suit to inherit under our statute of descents the insanity of Julia B. Kuehmsted must invalidate both the marriage and the will because if the will only is invalid, Albert Louis Kuehmsted may take under our statute of descents while if the marriage only is invalid he may take under the terms of the will. The validity of the will not being properly before us cannot be determined in this proceeding.

We also think that respondent misinterpreted Section 2689 Revised General Statutes of 1920 (Section 4356 Compiled General Laws of 1927) which is as follows:

"The court may at the trial of any cause where it may deem right for the purpose of justice, order an adjournment for such time, and subject to such terms and conditions as to costs and otherwise, as it may seem fit."

The test as to whether an adjournment may be taken under this statute is whether or not the court "may deem it right for the purpose of justice". The issues in the chancery suit and the petition to revoke the probate of the will being different and in no way dependent on each other we see no means of serving the "purpose of justice" by adjourning proceedings in the case to revoke the probate of the will pending the disposition of the chancery cause.

The motion for peremptory writ must be and is hereby granted.

BUFORD, C.J., AND WHITFIELD, ELLIS, BROWN AND DAVIS, J.J., concur.