ALBERT LOUIS KUEHMSTED, as Executor, v. JAMES D. TURNWALL, INGA B. YOUNG, and her husband, N H. YOUNG, MYRTLE FELSENTHAL and EMER B. TURNWALL.

155 So. 847.

En Banc.

Opinion Filed July 5, 1934.

Petition for Rehearing Denied July 24, 1934.

*Wilson & Bogue, Loftin, Stokes & Calkins* and *Robert H. Anderson,* for Appellant;

*Austin L. Richardson,* for Appellee.

TERRELL, J.—The appellant, Albert Louis Kuehmsted, was married to Julia B. Turnwall in 1901. They divorced at the instance of the latter in 1925. October 19, 1928, they were remarried and on October 28, nine days later Mrs. Kuehmsted died. Immediately following the second marriage, Mrs. Kuehmsted executed her last will and testament in which she made Albert Louis Kuehmsted her executor and main beneficiary. The second marriage of Mr. and Mrs. Kuehmsted was, on January 11, 1932, held to be invalid by this Court for want of mental capacity on the part of the latter to contract the marital state. Kuehmsted v. Turnwall, *et al.,* 103 Fla. 1180, 130 So. 775; State, *ex rel.* Kuehmsted v. Hewitt, 103 Fla. 1177, 138 So. 778.

The will of Mrs. Kuehmsted was admitted to probate the day following her death. Months later, the appellees in this cause filed their petition in the probate court of Pinellas County praying that the probate of the said will be revoked and that an administrator be appointed to take charge of and administer her estate. The petition to revoke the will of Mrs. Kuehmsted was grounded on coercion, duress, undue influence, and lack of testamentary capacity to make a will. Albert Louis Kuehmsted answered the said petition denying every material allegation thereof. After the suit to revoke the probate of the will was filed, the suit of Kuehmsted v. Turnwall, *supra,* was instituted and prosecuted to final conclusion with the results as indicated. Subsequent to the decision of this Court in Kuehmsted v. Turnwall, supplementary pleadings were filed in the suit to revoke the probate of the will in which it was attempted to invoke the final decree in the last named cause holding the second marriage of the Kuehmsteds invalid. On the issues made by these pleadings evidence was taken and on final hearing, the probate judge entered an order denying and dismissing the petition to set aside the probate of the will. From this order, appeal was prosecuted to the circuit court, who reversed the judgment of the probate court with directions to vacate and set aside the order probating the will. The instant appeal is from the order of the circuit court so entered.

Four questions are argued in this Court, viz.: (1) Was the decision of the probate court supported by the evidence, (2) Did the probate judge misapprehend the legal effect of the evidence as an entirety, (3) In the exercise of the appellate jurisdiction of the circuit court in probate matters arising before the probate court, does the circuit judge hear and determine the errors assigned without regard to pre-

sumptions indulged in support of the correctness of the judgment appealed from or does the usual presumption of the correctness of the findings of the probate judge prevail in such matters, (4) Is the decree of the chancellor holding invalid a marriage because of mental incapacity of one of the spouses to contract the marital state conclusive of the insanity of that spouse in a proceeding to revoke the probate of a will executed by said spouse contemporaneously with the entry into the marital state.

In the trial of this cause below, the probate judge heard and considered all the testimony, a part of which was the pleadings and final decree in Turnwall, *et al.*, v. Kuehmsted wherein the last marriage of Mr. and Mrs. Kuehmsted was held invalid. Such was the decree approved by this Court in Kuehmsted v. Turnwall, *et al., supra.* Except the evidence of an eminent alienist on each side, the evidence in this case is in the main, the same as the evidence in Kuehmsted v. Turnwall, *et al., supra.* The evidence of the two alienists was intensely interesting and instructive, but it adds nothing whatever of probative value to the case. Both were outstanding men in their line and testified very learnedly, but the result of their testimony as to the sanity of Mrs. Kuehmsted was as inharmonious and conflicting as it was possible for it to be, so we consider that it balanced and was as if it had not been offered.

In addition to the pleadings and final decree in Turnwall, *et al.,* v. Kuehmsted, the appellees offered and relied on the testimony of a Dr. Miller, whom Mrs. Kuehmsted had instructed to be called if she needed a doctor, and Dr. E. J. Melville, who was called in consultation, Mrs. Seelman, a practical nurse who was known to Mrs. Kuehmsted for years and nursed her during her last illness. Appellant relied on the testimony of Dr. Watson, who performed the marriage

ceremony, Judge Wilson, the lawyer who drew the will, Mrs. Bartells, Mrs. Carpenter, Mrs. Duncan and Mrs. Reilly. On the face of the record, all witnesses were people of good character, though their testimony was in hopeless conflict as to the sanity of Mrs. Kuehmsted at the time of the execution of the will brought in question.

The question of the sanity of Mrs. Kuehmsted at the time of her second mariage was concluded by the decision of this Court in Kuehmsted v. Turnwall, *et al., supra*. The evidence here on that point and as to sanity when she executed her will is substantially the same as that relied on in the last named case. It is in hopeless conflict and a finding either way could have properly been upheld by this Court, but since we previously upheld a judgment of insanity in the former case, we will not now uphold a judgment of sanity on the same testimony relating to the execuition of a will and a marriage which were a part of the same transaction.

The question is not argued as to whether or not a different degree of sanity would be required to make a will from that required to contract the marital state. Since the sanity of Mrs. Kuehmsted at the time of her marriage was foreclosed by the decision in Kuehmsted v. Turnwall, *et al., supra,* the testimony in this case should have been directed to her sanity at the time her will was executed or the fact of whether or not there was any change in her mental condition from the time of the marriage to the time of the execution of her will.

The rule is well settled that an adjudication of insanity is conclusive of the mental condition of the one so afflicted at the time of the adjudication. Lucas v. Parsons, 23 Ga. 2267; Johnson's Committee v. Mitchell, 146 Ky. 382, 142 S. W. 675; Hempton v. State, 111 Wis. 127, 86 N. W. 596;

O'Reilly v. Sweeney, 54 Misc. 408, 105 N. Y. Supp. 1033. It has also been held on good authority that one adjudicated to be insane is presumed to continue so until it is shown that sanity has returned. People v. Farrell, 31 Cal. 576; Lilly v. Waggoner, 27 Ill. 395; Lucas v. Parsons, 23 Ga. 267; Small v. Champeny, 102 Wis. 61, 78 N. W. 407; Terry v. Buffington, 11 Ga. 337, 56 Am. Dec. 423.

When testator's sanity is brought in question and an inquisition establishes his or her insanity or general insane condition prior to the execution of a will, it becomes incumbent on one claiming under the will to prove either that the will was actually executed during a lucid interval or that at the time of its execution, the testator's sanity had been restored. Johnson v. Armstrong, 97 Ala. 731, 12 So.; Lucas v. Parsons, 23 Ga. 276; Wallis v. Luhring, 134 Ind. 447; 34 N. E., 231; Hall v. Thing, 23 Maine 461; Breed v. Pratt, 18 Pick. Mass. 115; Boylan v. Meeker, 28 N. J. L. 274; Langdon v. People, 133 Ill., 382, 24 N. E. 878.

The record discloses that the marriage and the will brought in question were both part of the same transaction, the will having been executed immediately after the marriage, not more than thirty or forty minutes having been consumed for both. The evidence shows conclusively that during this time no material change took place in the mental status of the testatrix. In fact, no attempt appears to have been made to show change.

The judgment of the circuit court is accordingly affirmed.

Affirmed.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.