**J. M. STANLEY and FLORA STANLEY, husband and wife, v. D. D. CAMPBELL and MARTHA J. CAMPBELL FREEMAN, as Guardian of D. D. CAMPBELL.**

27 So. (2nd) 411                                              June Term, 1946
October 1, 1946                                                   Division A
Rehearing denied October 24, 1946

*A. C. Franks,* for appellants.

*Johnson H. Pace,* for appellee.

BUFORD, J.:

The appeal is from final decree adjudicating a deed conveying real estate to be void because the grantor was insane at the time of the transaction and the execution of the deed.

Grantor was adjudged insane by order of County Judge of Dade County on July 21st 1931 and again on April 23rd 1937 and again on March 8th 1944. Guardian of the person and estate of grantor, adjudged to be an insane person, was appointed by the County Judge of Dade County on the 9th day of August, 1935. The guardianship of the grantor continued until after the date of the transaction here involved.

On February 14th 1944 grantor, D. D. Campbell, then being at liberty, but when there had been by a court of competent jurisdiction no judgment or decree restoring him to a sound mental condition, made and executed the deed which the court below held to be void.

The last adjudication of the lunacy of the grantor and his commitment thereunder was made and entered twenty-two days after the execution of the deed.

Unquestionably, at the time of the execution of the deed the grantor must be presumed to have been insane. See Kuehmsted v. Turnwall, 115 Fla. 692, 155 So. 847; Bassett v. Federal Land Bank of Columbia, 98 Fla. 266, 123 So. 732.

When the grantor's sanity was brought into question and the above state of facts was shown to exist it became encumbent on one claiming under a conveyance made under such circumstances to show that the grantor was sane and competent to transact his affairs and to protect his own interest at the time of the execution of the conveyance. See Kuehmsted v. Turnwall, supra, and cases there cited.

After the issues were made up in this case and the testimony taken, the Chancellor inter alia, found:

"(g) That said D. D. Campbell was insane and mentally incapable of determining the effect of the sale of his said property on February 5, 1944, the date of said sale, and on February 14, 1944, the date of the execution and delivery of his deed to said property.

"(h) That the Agreement of Sale made by and between D. D. Campbell and the plaintiffs herein, provided for the delivery to plaintiffs of an abstract showing good and marketable title to said lands and for the closing of the sale within thirty (30) days after the delivery of such abstract; that said abstract was delivered to plaintiff and when extended to the date of execution of the agreement to sell, contained entries showing the lunacy proceedings and the appointment of a Guardian of the property of said D. D. Campbell; but plaintiffs accepted the title to said property prior to having said abstract extended and without examining the abstract of title, or the public records or causing such examination to be made, thereby disregarding his legal duty.

"(i) That the Guardian of said D. D. Campbell, upon learning of the sale and of the delivery of the abstract of title to said lands, was under no legal duty to notify plaintiffs that her brother and ward was insane; the Court will take judicial notice of the fact that custom, prudence and good business judgment require the purchasers of real property to make inquiry into the title thereof before accepting the title thereto and paying the consideration therefor.

"(j) That the parties to this cause can be restored to their status quo,"—and thereupon decreed the deed of February 14th to be void and of no effect, and further decreed in such wise as to place all parties in status quo ante the transaction.

The record supports the decree and, therefore, the decree should be and is affirmed.

So ordered.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., concur.