119 So.2d 61 (1960)
Dana Dorsey CHAPMAN, Appellant and Cross-Appellee,
v.
Sherman CAMPBELL, Appellee and Cross-Appellant,
Dana Dorsey Chapman, Mary Ann Proctor, E. Clyde Vining and North Broward Hospital District, a Corporation, Appellees and Cross-Appellees.
No. 1508.
District Court of Appeal of Florida. Second District.
March 25, 1960.
*62 O.S. Miller and F. Malcolm Cunningham, West Palm Beach, for appellant and cross-appellee, Dana Dorsey Chapman.
Henry H. Arrington and Herbert M. Klein, Miami, for appellee and cross-appellant, Sherman Campbell.
L. Fred Austin, Carey, Goodman, Terry & Dwyer, Fort Lauderdale, for appellees and cross-appellees, Mary Ann Proctor and E. Clyde Vining.
Berryhill, Leaird & Tedder, Fort Lauderdale, for appellee and cross-appellee, North Broward Hospital District.
Crofton, Wilson & Brewer, Titusville, for amicus curiae.
SANDLER, HARRY N., Associate Judge.
Appellant, Dana Dorsey Chapman, contestant in the trial court, appeals from an order admitting to probate the last will and testament of decedent, Ezekiel Campbell Dorsey. Appellee, Sherman Campbell, Esq., filed his petition for the probate of the will, together with the will dated June 20, 1957, and which by order of the County Judge was admitted to probate July 16, 1959. The petition sets forth that the testator died on October 17, 1957, and named all known surviving heirs at law. The petition was regular in all respects and no question has been raised regarding the formality of the petition nor the death of the testator. On November 4, 1957, Mary Ann Proctor, who described herself as "a beneficiary under a 1949 Will of the above deceased", filed what was termed her caveat to the probate of the will of the deceased, dated June 20, 1957, and requested that the will not be admitted to probate without the issuance of a citation to her. Likewise, on November 4, *63 1957, the appellant, Dana Dorsey Chapman, who was an adopted sister of the deceased, filed her answer to the petition for probate alleging generally that the testator lacked the mental capacity to make a will. With her answer, the appellant, Dana Dorsey Chapman, filed certain pleadings and orders previously entered by the County Judge wherein the testator had, on August 4, 1951, been declared incompetent and a guardian of the person and property of the testator been appointed. It was further alleged in the answer that the guardianship at the time of the death of the testator was in full force and effect. Based upon this prior order of incompetency, the appellant contended that the testator was wholly without power to make a will and that any will made by the testator subsequent to the date of the adjudication was void. This contention was based on the provisions of Section 744.34 (1) F.S. 1957, F.S.A., which provides in part as follows:
"Upon the day fixed for the hearing on the petition for the appointment of a guardian, the county judge shall hear the evidence on the question of the competency of the person who is the subject of the hearing. An order of the county judge previously adjudicating a person to be incompetent shall constitute conclusive proof of such incompetency until reversed or set aside or until the competency of such person has been restored as provided by law."
Appellee, on the other hand, relied upon the provisions of Section 732.31, which provides as follows:
"In all proceedings contesting the validity of a purported will, whether before or after such will is admitted to probate, the burden of proof, in the first instance, shall be upon the proponent thereof to establish, prima facie, the formal execution and attestation thereof, whereupon the burden of proof shall shift to the contestant to establish the facts constituting the grounds upon which the probate of such purported will is opposed or revocation thereof is sought.";
it being the contention of the appellee that upon the showing of the formal execution and attestation of the will, this being established prima facie, the burden of proof shifted to the contestant or appellant. The trial court ruled that the question was governed by Section 394.22(10) (b) F.S. 1957, F.S.A., which provides as follows:
"After a judgment adjudicating a person to be physically incompetent is filed in the office of the county judge, such person shall be presumed to be incapable, for the duration of such incompetency, of making any gift inter vivos or any contract which will bind him or his estate. The filing of said judgment shall be notice of such incapacity."
Chapter 394, supra, deals with incompetency while Chapter 744, supra, is the law relating to guardian and ward. Neither chapter is applicable to the administration of estates and they do not control the several provisions of the probate law as set out in Chapter 731 and following. The general rule, in the absence of any evidence to the contrary, is that a testator is presumed to be sane and to have sufficient mental capacity to make a will. Gardiner v. Goertner, 110 Fla. 377, 149 So. 186; Succession of Lafferanderie, 228 La. 871, 84 So.2d 442. Therefore, in the absence of any evidence or proof to the contrary, the provisions of Section 732.31 is controlling and, upon the will being established prima facie, the burden shifts to the contestant. An adjudication of insanity or incompetency, however, raises a question of testamentary incapacity and the burden of proof then shifts to the proponent of the will. It has been held that one adjudicated to be insane is presumed to continue so until it is shown that sanity has returned. *64 Moreover, where testator's sanity is questioned and inquisition establishes insanity or general insane condition prior to execution of will, one claiming under will must prove either that will was actually executed during lucid interval, or that at time of its execution testator's sanity had been restored. Kuehmsted v. Turnwall, 115 Fla. 692, 155 So. 847; Tucker v. Tucker, 1946, 248 Ala. 602, 28 So.2d 637; 94 C.J.S. Wills §§ 36 and 37; and Stanley v. Campbell, 157 Fla. 891, 27 So.2d 411.
The trial court ruled, though for a different reason, that the burden of proof upon the showing of adjudication of incompetency shifted to the proponent of the will and this ruling was followed in the trial of the cause. The question here involved is the mental capacity of the testator at the time the will was executed. A testator under guardianship as a person of unsound mind is presumed to lack testamentary capacity. This presumption is one of fact and may be rebutted. 94 C.J.S. Wills § 37. At the hearing the contestant, Dana Dorsey Chapman, offered no testimony as to the competency or insanity of the decedent but relied on the provisions of Section 744.34(1), supra, which provides that the order of the county judge previously adjudicating the person to be incompetent constituted conclusive proof of such incompetency until reversed or set aside.
The law is well established that if the testator had capacity at the time the will is made, his past or future condition is immaterial. Miller v. Flowers, 158 Fla. 51, 27 So.2d 667. In other words, there may be a lucid interval even when a person is under adjudication of insanity or incompetency when the will was made. In re Carnegie's Estate, 153 Fla. 7, 13 So.2d 299; Murrey v. Barnett National Bank of Jacksonville, Fla. 1954, 74 So.2d 647; Redfearn on Wills, Third Addition, page 64; 94 C.J.S. Wills § 20, p. 716.
The order of the county judge admitting the Will to probate finds ample support in the testimony and under the rule must therefore be affirmed.
There remains for consideration the cross appeal of the proponent of the will, appellee, Sherman Campbell, Esq., the executor, from the following parts of the final order of the trial court admitting the will to probate, to wit:
"(1) those parts of said order holding notices of trial of will contest given to each appellees, contestants, Mary Ann Proctor (also known as Mary Ann Geiges), E. Clyde Vining, and North Broward Hospital District, a corporation, were of no effect; and (2) from those parts of said order holding that citation given to each of them before order of probate was entered, were each, separately and severally, of no effect; and (3) from those parts of said order of probate holding each of the above named appellees, contestants, may contest said will after said order of probate; which said order of probate was entered by the County Judge's Court of Broward County in the above estate July 16, 1959, and recorded in Probate Record Book 42, pages 489-496, of said Court."
As stated, the petition for the probate of the will was filed October 21, 1957, and on November 4, 1957, Mary Ann Proctor, also known as Mary Ann Geiges, filed her purported caveat requesting that the will not be admitted to probate without the issuance of a citation to her in accordance with the provisions of Chapter 732.29, subparagraph 1, which provides:
"If any heir or distributee of the estate of a decedent is apprehensive that a will may be admitted to probate without his knowledge, he may file a caveat in the office of the county judge."
Sub-paragraph 2 also provides that after the filing of a caveat, the county judge shall not admit the will of such decedent *65 to probate without the issuance of a citation to the caveator. Sub-paragraph 4 provides that upon the return date of the citation the caveator may answer the petition for probate and in his answer he shall set forth his interest in the estate and the facts constituting the grounds upon which the probate of the will is opposed. This section provides for a caveat by an heir or distributee of the estate and provides that in the answer the caveator shall set forth his interest in the estate. No citation was issued to Mary Ann Proctor but instead a notice was mailed by counsel for the proponent on the 7th day of February, 1959, to E. Clyde Vining, Esq., and Providence Hospital Association, "that a trial will be held and testimony taken upon the issues made by the Petition of Sherman Campbell for Probate of Will of the above named decedent". At the time of the trial no answer or other pleadings had been filed by any of the three above named parties, who, according to the order of the trial judge, attended the proceeding or hearing, but took no part therein. At the time of the trial none had been made parties defendant to the proceeding. Thereafter, on March 4, 1959, the citation was issued to E. Clyde Vining, Mary Ann Proctor, and the Hospital Association, notifying them that a petition had been filed for the probating of the will and commanding them to file any objections they might have to the probating of the will within twenty days after service, the hearing or trial of the cause on petition for probate and answer of Dana Dorsey Chapman having previously been held on February 17th. Pursuant to the citation, Mary Ann Proctor and E. Clyde Vining, describing themselves as devisees and legatees under the last will and testament of Ezekiel Dorsey, also known as Ezekiel Campbell, filed their objections to the probate of a purported will described in the citation of March 4, 1959. The North Broward Hospital District which operated the hospital, likewise filed its objection on March 20, 1959. These objections do not set forth the interest or claim of the hospital district or association.
The trial judge entered his order admitting the will to probate after discussing the proceedings in reference to the three named parties, holding in substance that they were not bound by his order admitting the will to probate and could "make application for the revocation of the Will in question, after it has been admitted to Probate, provided of course, that they are within the class of heirs or beneficiaries as defined and contemplated by our Statute and case law who are permitted to institute and maintain such action." Section 732.30 provides that any heir or distributee of the estate of a decedent, including legatees or devisees under a prior will, except those who have been served with citation before probate or who are barred under Section 732.29, may at any time before final discharge of the personal representative make application by petition to the court in which the probate of any will may have been granted. The notice of the trial served on Mary Ann Geiger, E. Clyde Vining, Esq. and Providence Hospital Association, by the attorney for the petitioner, did not serve to make them party defendants to the proceeding nor did the citation served accomplish the same purpose, so that the order admitting the will to probate does not stand as a bar to these named parties if, as stated by the County Judge, they be within the class of persons as defined by the statute and case law. It follows, therefore, that the order of the County Judge admitting the will to probate and that portion of the order from which cross appeal has been taken, must be affirmed.
It is so ordered.
ALLEN, C.J., and SHANNON, J., concur.