PER CURIAM.
The appellant was the petitioner below who sought to revoke letters testamentary issued upon a will of Margaret Callahan, deceased, dated December 12, 1958, and the admission to probate of a former will of said decedent, dated August 13, 1958. Revocation of the letters testamentary issued on the will of December 12, 1958, was sought upon the ground that the testatrix lacked mental capacity at the time the will was executed. The county judge heard the testimony of the witnesses and evidence of the respective parties, and concluded that it was insufficient to overcome the weight of the testimony of the subscribing witnesses to the decedent’s will, and that there was not sufficient evidence adduced to show that the decedent was not in a lucid moment when she executed the will of December 12, 1958, and denied the petition. This appeal is prosecuted from the order denying the petition.
*43 The appellant’s main contention here is that the county judge was in error when he indulged the presumption that the will of December 12, 1958, was executed during a lucid interval and by placing upon the appellant the burden of showing that the testatrix was not in a lucid moment at the time she executed said will. From an evi-dentiary standpoint, the appellant bases her argument upon the testimony of a physician who attended the deceased two days before the execution of the contested will. The physician testified that on that day he was of the opinion that the testatrix “ * * was bitter, resentful and emotionally insane.” On further examination, the physician, when asked if the testatrix was of sound mind on December 10, 1958, said, “That is difficult for me to answer because a patient in these circumstances is going to fluctuate * * It is the appellant’s contention that this, together with other evidence of testatrix’ declining physical condition, establishes conclusively that she was insane prior to the execution of the will and further that the testimony of the physician depicts a condition from which it could be concluded that such insanity was of a progressive and permanent type. As authority for the legal position assumed by the appellant she relies upon the principles of law enunciated in 57 Am.Jur., Wills, § 96, to wit:
“If it appears that the testator was insane prior to the execution of the will, and that his insanity was of a progressive and permanent type, there is no basis for indulging in a presumption that the will was executed during a lucid interval.”
In addition, she seeks to invoke a similar principle enunciated in Kuehmsted v. Turnwall, 115 Fla. 692, 155 So. 847, 849, wherein the Supreme Court of Florida among other things said:
“When testator’s sanity is brought in question, and on inquisition establishes his or her insanity or general insane condition prior to the execution of a will, it becomes incumbent on one claiming under the will to prove either that the will was actually executed during a lucid interval, or that at the time of its execution the testator’s sanity had been restored.”
It appears that in general these two principles are similar and the appellant seeks to apply these principles to the facts in the case at bar. In the Kuehmsted case, the testatrix was found to be insane at the time she attempted to contract a marriage, which marriage preceded by minutes the execution of the questioned will. Certainly in the Kuehmsted case there was a prior inquisition or adjudication of insanity and therein we feel that the Kuehmsted case is differentiated from the case at bar. There being no prior inquisition or adjudication of insanity, we look to the record to see if there was evidence of a permanent or progressive type of mental instability prior to the execution of the questioned will.
The testimony of the attending physician as to decedent’s condition prior to the execution of the will clearly indicates that her insanity or mental instability, if any, was not of a permanent or progressive type, but on the contrary, was temporary and subject to fluctuation. Consequently the proponents of the will, having proved its execution and attestation, would be entitled to the presumption that the testatrix was sane at the time of the making of the will. See Schaefer v. Voyle, 88 Fla. 170, 102 So. 7; Gardiner v. Goertner, 110 Fla. 377, 149 So. 186; Donnelly v. Mann, Fla.1953, 68 So.2d 584; In re Baldridge’s Estate, Fla.1954, 74 So.2d 658. Conversely, where a person is adjudged to be insane, there exists a presumption that the insanity continues. Horace v. Culver, Fla.1959, 111 So.2d 670. See also 13 Fla. Jur., Evidence, § 89. Therefore, in order to overturn the presumption of sanity in the absence of an adjudication, there must be proof showing that insanity of a permanent type existed prior to the execution of the will. See Chapman v. Campbell, Fla. *44 App.1960, 119 So.2d 61; 34 Fla.Jur., Wills, § 35; 57 Am.Jur., Wills, § 94.
Accordingly, the order appealed is affirmed.
LOPEZ, AQUILINO, Jr., J., concurs specially.