PER CURIAM.
The appellant, Sarah Blumenthal, is a niece of the deceased, Nellie E. Ziy. She was a legatee in a prior will. This appeal is from an order admitting the last will to probate. The county court ruled as follows :
“ * * * it has long been well established in the Florida law that an adjudication of incompetency does not bar a person from making a will. The test is the testamentary capacity at the time the will was made, and the elements being knowledge of property and natural objects of the testator’s bounty and the general effect of the disposition of the property by the will.
“An adjudication of incompetency merely shifts the burden of going forward with the evidence after the prima facie case is made as to the formalities of execution. The fact of an adjudication of incompetency shifts the burden of going forward with the evidence from the contestant of the will to the proponent of the will.
“That was held in the case of Skelton vs. Davis [Fla.App.], 133 So.2d 432 [89 A.L.R.2d 1114], The petitioner in this case, in the opinion of the Court, met that responsibility by going forward and not merely resting after proving the formalities of execution, but going forward with the evidence as to testamentary capacity.
“The Court is satisfied that Mrs. Ziy’s infirmities were principally physical, and the Court is further satisfied, from all of the evidence before the Court, that at the time of the execution of this will she had testamentary capacity and that it was free from undue influence. The reasons for changing the will are apparent and not unusual. There is just no evidence of undue influence at all being exercised in this case, and there is nothing to show a confidential relationship that would place the burden on the proponent of the will of proving a lack of undue influence.
“As we say, the Court is satisfied that she had testamentary capacity, that there was no undue influence exercised upon her; so the Court grants the petition and re-establishes the will of Nellie E. Ziy that was dated March 9, 1964 and has heretofore been admitted to probate in Whitfield County, Georgia.”
On this appeal the appellant presents six points, each of which challenges the sufficiency of the evidence to support the findings of the trial judge.
 The record reveals conflicting evidence. But there is substantial competent evidence to support each of the court’s findings. We will not disturb the order of the county court in a will contest if there is substantial competent evidence to sustain the court’s findings, unless the court misinterpreted the legal effect of the evidence. In re Estate of Perez, Fla.App.1968, 206 So.2d 58. See also In re Estate of Smith, Fla.App.1968, 212 So.2d 74 (opinion filed June 26, 1968).
Affirmed.