223 So.2d 42 (1969)
In re ESTATE OF Nellie E. ZIY, Deceased.
Sarah BLUMENTHAL, Petitioner,
v.
Annie S. BOWEN, Clemmie Lee Hunter, Leona Lucille Kaneaster and Birdie M. Gober, Respondents.
No. 37895.
Supreme Court of Florida.
May 14, 1969.
Rehearing Denied June 17, 1969.
J.T. Blackard and Knight, Underwood, Peters, Hoeyeler & Pickle, Miami, for petitioner.
Robert C. Lane, Miami, for respondents.
*43 BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 213 So.2d 503, 504, wherein it was held:
"An adjudication of incompetency merely shifts the burden of going forward with the evidence after the prima facie case is made as to the formalities of execution. The fact of an adjudication of incompetency shifts the burden of going forward with the evidence from the contestant of the will to the proponent of the will."
The above quoted statement apparently conflicts with the following statement of the District Court of Appeal, Second District, in Chapman v. Campbell:[1]
"The general rule, in the absence of any evidence to the contrary, is that a testator is presumed to be sane and to have sufficient mental capacity to make a will * * * An adjudication of insanity or incompetency, however, raises a question of testamentary incapacity and the burden of proof then shifts to the proponent of the will. * * *" (Emphasis supplied.)
The burden of proof, in its strict sense, is the duty of establishing the truth of a given proposition. In civil litigation, this burden is discharged by the production of a preponderance of the evidence and does not shift during the course of a trial.
Another usage of the term "burden of proof" exists, however, a usage synonymous with "burden of going forward with the evidence." Used in this secondary sense, the burden can shift from party to party during the course of a trial.[2]
Although the dual usage of the term burden of proof is generally recognized, we have discovered no Florida cases discussing the problem. The following explanation appears in an Alabama case:[3]
"The term `burden of proof' has two distinct meanings. By the one is meant the duty of establishing the truth of a given proposition or issue by such a quantum of evidence as the law demands in the case in which the issue arises; by the other is meant the duty of producing evidence at the beginning or at any subsequent stage of the trial, in order to make or meet a prima facie case. Generally speaking, the burden of proof, in the sense of the duty of producing evidence, passes from party to party as the case progresses, while the burden of proof, meaning the obligation to establish the truth of the claim by a preponderance of evidence, rests throughout upon the party asserting the affirmative of the issue, and unless he meets this obligation upon the whole case he fails."
In the instant case the District Court correctly held that an adjudication of incompetency shifts the burden of going forward with the evidence on testamentary capacity to the proponent of the will. The burden of proof, in its strict sense, still rests, as it always does, on the proponent.
The Chapman case uses "burden of proof" in its secondary sense to mean burden of going forward with the evidence. *44 The statement quoted from Chapman, supra, regarding the "shifting" of the burden is not, therefore, in conflict with the instant case. The courts in both cases have stated the correct standard using different terminology. Other decisions of this Court have stated the same rule without using either term.[4]
In view of the foregoing, we conclude that no jurisdictional conflict exists and the writ is accordingly discharged.
It is so ordered.
ERVIN, C.J., and CARLTON, ADKINS and CALDWELL (Retired), JJ., concur.
NOTES
[1] 119 So.2d 61, 63 (Fla.App.2nd 1960).
[2] 13 Fla.Jur. Evidence § 59: "Strictly speaking, the burden of proof does not shift during the course of the trial. It remains with the party on whom it is cast by law. Nevertheless, the phrase `burden of proof' is sometimes used in a secondary sense to designate the obligation resting on a party to meet with evidence a prima facie case presented against him. It has been said, for example, that if an affirmative defense or plea is raised in the case, the `burden of proof shifts' to the defendant after the plaintiff has proved his allegations by a fair preponderance of the evidence. But modern authorities use the term `burden of producing evidence' or `burden of going forward with the evidence' to express this concept; and when used in this sense, the burden may shift several times in one case."
[3] Alabama Great So. R. Co. v. Hill, 34 Ala.App. 466, 43 So.2d 136, 137 (1949).
[4] Stanley v. Campbell, 157 Fla. 891, 27 So.2d 411 (1946); Kuehmsted v. Turnwall, 115 Fla. 692, 155 So. 847 (1934).