PER CURIAM.
This is an interlocutory appeal from a final order dismissing Appellant’s personal injury complaint for insufficiency of service of process under sections 48.161 and 48.171, Florida Statutes (1979).
Appellant has alleged that while a passenger in a car driven by her husband, Clifford Young, she was injured as a result of a collision. She filed suit against Roy Young, Clifford’s brother, alleging he was the owner of the car in which she was injured and was thus liable to her for the injuries.
Because Roy Young is not a resident of Florida, it is required that service of process be obtained in accordance with section 48.-171, Florida Statutes (1979).[1] In order to meet the requirements of the statute, the plaintiff must also comply with the dictates of Electro Engineering Products Co., Inc., et a 1. v. Lewis, 352 So.2d 862 (Fla.1977) which holds:
To acquire jurisdiction over a nonresident pursuant to this section of Florida’s Long Arm Statute, the plaintiff must initially allege in the complaint sufficient jurisdictional facts to show that the nonresident manufactured or serviced a product which was used within this state in the ordinary course of commerce and trade, and which injured a person in this state. The burden then shifts to the defendant to make a prima facie showing of the inapplicability of the Long Arm Statute. At that time the plaintiff is required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and not merely reiterate the factual allegations in the complaint.
Id. at 864.
Because Appellant was basing her complaint against Appellee upon his alleged ownership of the car, it is incumbent upon her to establish that ownership. In her complaint she alleged:
At all times material hereto, Roy Young was a non-resident of the State of Florida, who owned a certain 1966 Ford two door truck bearing South Carolina plate NWN 145 for the year 1978, vehicle identification number 6K27T175067. Said non-resident, Roy Young, had consented to the use of the above-described motor vehicle by his brother, Clifford Earl Young, knowing that Clifford Earl Young would operate said motor vehicle upon the streets and highways of the State of Florida. In so consenting to the use of said motor vehicle upon the streets of Florida, defendant Roy Young thereby appointed the Secretary of State as his resident agent for service of process.
*357 The question on appeal is whether Appellant carried the burden going forward with the evidence establishing Appellee’s ownership of the car. This burden required the production of sufficient evidence to make a prima facie case. In re Estate of Ziy, 223 So.2d 42 (Fla.1969). It should not be confused with the “burden of proof” needed at trial which is the duty of establishing the truth of a given proposition. Id.
The evidence presented at the trial court included an affidavit, deposition and two documents; a bill of sale and a vehicle registration. The registration showed Roy Young to be the owner of the car. The bill of sale purported to show a sale of the car from Roy to Clifford. However, Clifford testified in his deposition that the bill of sale was not genuine and denied having signed it or having seen it before. The testimony of the brothers clearly establishes they formulated and carried out a plan to have Clifford drive the car while ownership was shown in Roy’s name. This was done because Clifford’s driving record made him uninsurable and unable to register the car in his name; he had been convicted of driving while intoxicated three times in the past year.
Because Roy signed the South Carolina registration as owner and because there is no evidence anyone but Roy was ever the named owner of the car, we must find he was the owner. The trial court’s finding otherwise is unsupported in the record except for some self-serving declarations from the brothers in an obvious attempt to avoid the insurance and motor vehicle registration laws of this state. This course of conduct should not be approved by the courts and the brothers are estopped from seeking our approval of their scheme. When Roy, in his sworn statement, referred to the plan and characterized it as “honor among thieves,” he may not have been far from the truth.
Appellant has met the burden of going forward and established Appellee’s ownership of the car so the order of the trial court dismissing Appellant’s personal injury complaint is reversed.
REVERSED.
DAUKSCH, C. J., UPCHURCH and SHARP, JJ., concur.

. Service on nonresident motor vehicle owners, etc. Any nonresident of this state, being the operator or owner of any motor vehicle, who accepts the privilege extended by the laws of this state to nonresident operators and owners, of operating a motor vehicle or of having it operated, or of permitting any motor vehicle owned, or leased, or controlled by him to be operated with his knowledge, permission, acquiescence or consent, within the state, or any resident of this state, being the licensed operator or owner of or the lessee, or otherwise entitled to control any motor vehicle under the laws of this state, who becomes a nonresident or conceals his whereabouts, by the acceptance or licensure and by the operation of the motor vehicle, either in person, or by or through his servants, agents, or employees, or by persons with his knowledge, acquiescence and consent within the state constitutes the Secretary of State his agent for the service of process in any civil action begun in the courts of the state against such operator or owner, lessee or other person entitled to control of the motor vehicle, arising out of or by reason of any accident or collision occurring within the state in which the motor vehicle is involved.