389 So.2d 683 (1980)
L. Melvin TUCKER, Appellant,
v.
DIANNE ELECTRIC, INC., Appellee.
No. 79-153.
District Court of Appeal of Florida, Fifth District.
October 29, 1980.
*684 Blumenthal & Schwartz, P.A., Titusville, for appellant.
Gary F. Large, Titusville, for appellee.
SHARP, Judge.
Tucker, a New Hampshire resident, appeals from the trial court's denial of his motion to set aside its final judgment[1] for damages against him (totaling $3,973.40), which was based on a default. He claims the judgment is void because he was not subject to the jurisdiction of the Florida courts under any "Long-Arm" statute, and he was not personally served by process in Florida. We agree, and accordingly, we reverse this matter for further proceedings.
A judgment which is entered against a party without personal jurisdiction over that party can be collaterally attacked at any time. McAlice v. Kirsch, 368 So.2d 401 (Fla. 3d DCA 1979); Craven v. J.M. Fields, Inc., 226 So.2d 407 (Fla. 4th DCA 1969). A motion to set aside a final judgment entered after default pursuant to Florida Rule of Civil Procedure 1.540(b), is an appropriate way to challenge such a "void" judgment. Parish Mortgage Corporation v. Davis, 251 So.2d 342 (Fla. 3d DCA), cert. denied 254 So.2d 789 (Fla. 1971).
Tucker filed a motion to quash service on January 26, 1978. The court entered two different orders denying Tucker's motion to quash: one dated May 22, 1978 and one dated November 22, 1978. Both ordered Tucker to file pleadings within 20 days. Tucker filed a motion for rehearing on November 27, 1978, but he filed no other pleadings. The plaintiff moved for a default judgment on March 19, 1978, which the court granted on May 10, 1978.
Tucker did not take interlocutory appeals from the denials of his motions to quash.[2] Therefore the issue on this appeal is whether the record, at the time the court last denied the motion to quash on November 22, 1978, established a sufficient basis for obtaining personal jurisdiction over Tucker *685 under one of Florida's applicable "Long Arm" statutes.[3]
If a plaintiff fails to allege a sufficient jurisdictional basis to acquire personal jurisdiction over a non-resident defendant, the defendant may raise the jurisdictional issue by a simple motion to quash. Or, if the complaint is sufficient, the defendant may challenge the jurisdictional facts by filing affidavits and proofs. Then the plaintiff must counter with affidavits and other proofs to make a prima facie showing that the court has jurisdiction. Electro Engineering Products Co. v. Lewis, 352 So.2d 862 (Fla. 1977); Young v. Young, 382 So.2d 355 (Fla. 5th DCA 1980).
Tucker's first motion to quash should have been granted whether jurisdiction was claimed under section 48.071 or 48.193 because the record failed to show proper service of process on Tucker under either statute. Section 48.193 requires service by a sheriff in Tucker's state, pursuant to section 48.194. Service under section 48.071 requires proof that copies of the process were sent by registered or certified mail to the defendant. On August 25, 1978, the plaintiff belatedly filed the proof of service pursuant to section 48.071; but has not sought to complete service pursuant to section 48.193.
Dianne Electric's complaint alleged that Tucker owns a fishing trawler named the Lynne Ellen (also known as the Devil Fish) which arrived in Port Canaveral for repairs. George Joyce, as Tucker's "agent," retained the plaintiff to do electrical work. The work was completed in January of 1978, and the plaintiff was not paid. George Joyce was served as Tucker's "business agent." By November 22, 1978, Tucker filed proofs challenging the plaintiff's alleged jurisdictional facts. In an affidavit, George Joyce denied that he was the business manager for Tucker or the Lynne Ellen. In response to interrogatories, he denied he was the captain of the Lynne Ellen when the work was contracted for and performed, or that Tucker authorized him to have the work done.
The plaintiff filed counter proofs consisting of an affidavit alleging that George Joyce engaged the plaintiff to perform the repairs and that he represented he was "in charge" of the Lynne Ellen. The president of the plaintiff stated in his deposition on file that he talked with Tucker in January 1978 aboard the Lynne Ellen. Tucker told him Tucker was the owner, Joyce was the captain, and Tucker was aware that Dianne Electric was doing repair work on his boat.
This status of the record would have been enough to establish jurisdiction over Tucker, under section 48.193(1)(g) had service been accomplished under section 48.194. There was a sufficient showing that Tucker came to Florida and engaged the plaintiff to perform repair service on his fishing boat. His failure to pay when the work was complete was a breach of contract in this state and the suit clearly arose out of that breach of contract.[4] However the record fails to show that service of process on Tucker was ever accomplished pursuant to section 48.194. Strict compliance with the steps outlined in the statutes for obtaining personal jurisdiction over non-residents not personally served in this state is required. McAlice v. Kirsch, Parish Mortgage Corporation v. Davis.
The "reach" of section 48.071 is considerably "shorter" than section 48.193. This section requires allegations and proofs, if challenged, that the person sought to be served "engages in business in this state." Process may then be served "on the person who is in charge of any business in which the defendant is engaged within this state at the time of service, including agents soliciting orders for goods, wares, merchandise, or services." § 48.071, Fla. Stat. (1979). The complaint in this case fails to allege that the defendant is engaged in any business *686 in Florida. As such, it was open to jurisdictional attack by the defendant's motion to quash. The defendant further challenged the jurisdictional basis under section 48.071 through Joyce's affidavit denying he was Tucker's agent in charge of Tucker's business at the time of service. The plaintiff's counter proofs completely fail to meet these issues. Because the complaint and the plaintiff's counter proofs fail to establish a prima facie basis for personal jurisdiction over Tucker pursuant to section 48.071, the plaintiff's motion to quash should have been granted. Hyco Mfg. Co. v. Rotex Intern. Corp., 355 So.2d 471 (Fla. 3d DCA 1978).
For the reasons stated, the order of the trial court denying Tucker's motion to set aside the judgment is reversed, and this cause is remanded with direction that the judgment and default be set aside and the service quashed, without prejudice to the plaintiff to proceed to obtain service on the defendant in the manner provided by law.
REVERSED and REMANDED.
ORFINGER and COWART, JJ., concur.
NOTES
[1] The appellant labeled this pleading a "Motion to Dismiss and Motion to Set Aside Default," but for purposes of this appeal, we ruled that it should be treated as a motion for relief from a final judgment pursuant to Florida Rule of Civil Procedure 1.540(b).
[2] Fla.R.App.P. 9.130(a)(3)(C)(i).
[3] §§ 48.071 and 48.193, Fla. Stat. (1979).
[4] Madax International Corp. v. Delcher Intercontinental Moving Services, Inc., 342 So.2d 1082 (Fla. 2d DCA 1977); First National Bank of Kissimmee v. C.M. Dunham, 342 So.2d 1021 (Fla. 4th DCA 1977).