MCCARTHY, TIMOTHY P., Associate Judge.
The issue here is whether there was sufficient consideration to support a promissory note. The trial court found that there was not. We agree.
Appellants, Kenneth Kenwall and Beatrice Kosmoski, sued appellee Anton Salic for the collection of a $100,000 promissory note signed by Salic. Salic admitted signing the note but asserted, by affirmative defense, that the promissory note was void, inter alia, for lack of consideration. The promissory note was executed about the same time as the appellants’ sale to Salic of an apartment complex. Appellants claim that the true sale price of the apartment complex was $750,000. However, the written contract for sale and purchase, closing statement, title insurance policy, and the documentary stamps affixed to the warranty deed each recited that the sales price was $650,000. Salic contended that the actual sales price was $650,000. His testimony at trial as to why he signed an additional $100,000 note was evasive, at best. The trial court voiced its concerns about the nature of the underlying transaction.
Appellants prepared the typewritten promissory note in question. The promissory note failed to specifically recite the consideration. Appellants also prepared a separate handwritten sheet which was signed at about the same time as the note. The handwritten sheet was in two parts. In the first part, Salic agreed to pay appellant Kosmoski $100,000. In the second part, appellant Kosmoski agreed to install a fire alarm system “at no cost to the [appellee].” Appellants claim that the fire alarm system referred to in the handwritten sheet was consideration for the loan in the $100,000 typed note. The trial court determined that there was no consideration for the $100,000 note. This was based on factual findings by the trial judge, which we will not disturb.
Appellants also assert that the trial court incorrectly placed the burden of proof on them to prove Salic’s consideration. Appellants maintain that the burden of proof was properly on Salic who was raising a defense to the note. Appellants did not preserve any error because they did not timely object when the trial judge discussed the burden of proof at trial, nor did they file any post-trial motions directed towards the correct burden of proof. See Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999). Even if preserved, we would affirm.
After both sides rested, the trial court commented on the quantum of evidence *1212 presented during the trial as to the consideration issue. The trial court stated:
[T]he plaintiff has not proved by a preponderance of the evidence that there was any consideration for this particular note. I fail to find that the alarm system is consideration. In fact, it specifically says that it is at no cost to the buyer.
The original contract has a reference to warranties in paragraph nine and it refers at one point to appliances. All appliances with the implication that arguably appliances could have been wrapped up in the same $650,000 deal that this property was sold for.
In the court’s written final judgment, it found that there was “insufficient evidence of consideration from Plaintiffs to Defendant to support the existence of, and collection of, the Promissory Note in question.”
Appellants suggest that the trial judge used the term “burden of proof’ in the sense of the burden of going forward with evidence. In civil litigation, the burden of going forward with the evidence as to alie-gations raised by an affirmative defense may shift several times in one case. See In re Estate of Ziy, 223 So.2d 42 (Fla.1969). Neither the court’s comments nor the written final judgment convincingly demonstrate that the court placed the initial burden of proof for the affirmative defense on appellants. The court’s comments may have been directed at appellants’ lack of credibility with regard to the transaction as a whole. The court could have meant that Salic carried his burden to show a lack of consideration and appellants did not overcome such a showing. We will not revisit this issue on appeal where it was not timely raised in the trial court.
AFFIRMED.
POLEN and GROSS, JJ., concur,